[Cite as *State v. Cordell*, 2011-Ohio-1735.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

STATE OF OHIO                                   :

    Plaintiff-Appellee                      :                C.A. CASE NO. 2010 CA 19

v.                                              :                T.C. NO.    09CR432

PHILLIP K. CORDELL                              :                (Criminal appeal from
                                                                Common Pleas Court)

    Defendant-Appellant                     :

                                                :

. . . . . . . . . .

# O P I N I O N

Rendered on the ___8th___ day of ___April___, 2011.

. . . . . . . . . .

STEPHANIE R. HAYDEN, Atty. Reg. No. 0009172, Assistant Prosecutor, 61 Greene Street, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

PHILLIP K. CORDELL, Atty. Reg. No. #608-591, Chillicothe Correctional Institute, P. O. Box 5500, Chillicothe, Ohio 45601
    Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Phillip K. Cordell, pro se, appeals a decision of the Greene County Court of Common Pleas overruling his application for post-conviction deoxyribonucleic acid (DNA) testing pursuant to R.C. 2953.71 through 2953.84. Cordell

filed his pro se memorandum in support of his application for post-conviction DNA testing on January 4, 2010. On January 7, 2010, the State filed a motion to dismiss Cordell's application for DNA testing. The trial court filed its decision and entry overruling Cordell's application on January 27, 2010. Cordell filed a notice of appeal with this Court on March 18, 2010.

I

{¶ 2} On July 13, 2009, Cordell pleaded guilty to one count of involuntary manslaughter, in violation of 2903.04(B), in Case No. 2009 CR 0432. The trial court sentenced Cordell to five years in prison. Cordell filed a timely notice of appeal with this Court on August 7, 2009. Cordell's appointed appellate counsel filed a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Cordell filed a pro se supplemental brief on August 27, 2010. In an opinion issued on October 29, 2010, we affirmed Cordell's conviction and sentence. *State v. Cordell*, Greene App. No. 2009 CA 57, 2010-Ohio-5277.

{¶ 3} While his direct appeal was pending, Cordell filed a pro se application for post-conviction DNA testing pursuant to R.C. 2953.71 through 2953.81. The State filed a motion to dismiss in response to the application arguing that Cordell was ineligible for DNA testing because he pled guilty to the underlying felony charge of involuntary manslaughter. R.C. 2953.72(C)(2). In a brief judgment entry dismissing Cordell's application, the trial court simply found that he was "not an eligible inmate," without offering any further explanation for it decision.

{¶ 4} It is from this decision that Cordell now appeals.

II

{¶ 5}   Although Cordell has filed a relatively lengthy brief, he has not complied with several of the briefing requirements of App. R. 16(A).   Cordell is responsible for complying with the appellate rules notwithstanding his pro se status.   Most notably, he had failed to provide a statement of assignments of error. App. R. 16(A)(3).   Nevertheless, we understand Cordell to essentially claim that the trial court erred when it found that he was not an eligible inmate and dismissed his application for post-conviction DNA testing. Specifically, Cordell asserts that the trial court erred when it failed to apply R.C. 2953.82 in order to determine the correct eligibility requirements for an inmate who files an application for post-conviction DNA testing and who pled guilty or no contest to the underlying charge. For the following reasons, we reverse the decision of the trial court.

{¶ 6}   R.C. 2953.82 sets forth the requirements regarding applications for DNA testing submitted by an inmate who pled guilty or no contest to the offense for which he is incarcerated. R.C. 2953.82(A).[1]   R.C. 2953.82 states in pertinent part:

{¶ 7}   "(A) An inmate who pleaded guilty or no contest to a felony offense may request DNA testing under this section regarding that offense if all of the following apply:

{¶ 8}   "(1) The inmate was sentenced to a prison term *** for that felony, and is in prison serving that prison term ***.

{¶ 9}   "(2) On the date on which the inmate files the application requesting the

---

[1] On July 7, 2010, R.C. 2953.82 was repealed by the Ohio General Assembly.   However, when Cordell filed his application for post-conviction DNA testing on January 7, 2010, R.C. 2953.82 was still in effect.   As such, we apply the law that was in effect at the time the issue was decided.

testing ***, the inmate has at least one year remaining on the prison term described in division (A)(1) of this section ***."

{¶ 10} In his brief, Cordell argues that the trial court erred when it analyzed his application for DNA testing pursuant to R.C. 2953.72(C)(2). Rather, Cordell contends that since he pled guilty to the underlying charge the court should have analyzed his application pursuant to R.C. 2953.82.

{¶ 11} After a thorough review of the record as well as the statutes involved in the instant determination, we find that the trial court erred when it held that Cordell was ineligible to apply for post-conviction DNA testing. As previously stated, Cordell pled guilty to one count of involuntary manslaughter on July 13, 2009. Accordingly, R.C. 2953.82 was the statute that the trial court should have relied upon in order to determine whether Cordell was eligible to file an application for DNA testing. Although the trial court did not expressly state in its judgment entry which section of the Ohio Revised Code upon which it relied in finding that Cordell was ineligible to apply for post-conviction DNA testing, the State argued in its motion to dismiss that Cordell was not an eligible inmate because he pled guilty to the underlying charge. R.C. 2953.72(C)(2). The State did not mention or otherwise attempt to distinguish R.C. 2953.82 in it motion to dismiss. Thus, we must infer, for purposes of the instant appeal, that the trial court relied upon R.C. 2953.72(C)(2), the incorrect section of the statute, when it dismissed Cordell's application.

{¶ 12} We note Cordell's application for DNA testing initially states that it is being filed pursuant to R.C. 2953.71 through 2953.81. Despite this initial language, the application specifically states the following regarding the inclusion of requests for

post-conviction DNA testing arising under R.C. 2953.82:

{¶ 13} "(11) That, if the inmate is an inmate who pleaded guilty or no contest to a felony offense and who is using the application and acknowledgment to request DNA testing under section 2953.82 of the Revised Code, all references in the acknowledgment to an 'eligible inmate' are considered to be references to, and apply to, the inmate and all references in the acknowledgment to 'sections 2953.71 to 2953.81 of the Revised Code' are considered to be references to 'section 2953.82 of the Revised Code.'"

{¶ 14} The application is a standard document provided by the office of the Ohio Attorney General for use in Ohio courts, and it contains spaces in which the applicant can print or type the required information. The referenced language in the application also corresponds to language in R.C. 2953.82(B) regarding the inmate's status as a potentially eligible offender who pled either guilty or no contest to the underlying offense and now requests post-conviction DNA testing. Simply put, the application provided by the State contained language that informed all of the parties that an inmate who previously pled guilty or no contest was not restricted from applying for post-conviction DNA testing.

{¶ 15} Had the trial court analyzed Cordell's application pursuant to R.C. 2953.82, it should have found that he was an eligible inmate. In light of the foregoing, we conclude that the trial court erred when it failed to consider R.C. 2953.82 in determining whether Cordell was eligible to file an application for post-conviction DNA testing. As a final note, we must point out that our holding in the instant appeal is not determinative as to whether Cordell's application for DNA testing should ultimately be granted, only that he is eligible to

file an application pursuant to R.C. 2953.82.[2]

### III

{¶ 16} In light of the foregoing, the judgment of Greene County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this opinion.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Stephanie R. Hayden
Phillip K. Cordell
Hon. Stephen A. Wolaver

---

[2]We also note that on May 2, 2007, the Ohio Supreme Court ruled that section (D) of R.C. 2953.82 was unconstitutional as it violated the separation of powers doctrine. *State v. Sterling*, 113 Ohio St.3d 255, 2007-Ohio-1790. Section (D) made final and unappealable to any court a prosecuting attorney's disagreement with a prison inmate's request for post-conviction DNA testing after a plea of guilty or no contest. *Sterling* further stated that the unconstitutional section was severable from the remainder of R.C. 2953.82, which stayed in effect until July 6, 2010, when the statute was repealed.