[Cite as *State v. Jones*, 2018-Ohio-850.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105801**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**LEE JONES**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-608422-A

**BEFORE:** McCormack, J., E.A. Gallagher, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** March 8, 2018

**ATTORNEY FOR APPELLANT**

Walter H. Edwards, Jr.
614 W. Superior Avenue, Suite 1300
The Rockefeller Building
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Mary Weston
Kerry A. Sowul
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

{¶1}   Defendant-appellant Lee Jones ("Jones") appeals the imposition of consecutive sentences following his ninth and tenth convictions for rape.   For the reasons that follow, we affirm Jones's sentence but remand the case for further proceedings consistent with this opinion.

**Procedural and Substantive History**

{¶2}   On August 2, 2016, Jones was indicted on ten counts in case Cuyahoga C.P. CR-16-608422.   Jones was charged with six counts of rape in violation of R.C. 2907.02(A)(2); one count of attempted rape in violation of R.C. 2923.02/2907.02(A)(2); one count of gross sexual imposition in violation of R.C. 2907.05(A)(1); and two counts of kidnapping in violation of R.C. 2905.01(A)(4).   Each count carried a sexually violent predator specification pursuant to

R.C. 2941.148(A), and the kidnapping counts both carried a sexual motivation specification pursuant to R.C. 2941.147(A).

{¶3} At the time of the indictment, Jones was serving an aggregate 50-year prison term for prior rape convictions. In 2008, Jones was sentenced in one case to 40 years for four separate rapes. In 2016, Jones was sentenced to 10 years for another rape, to be served consecutively to the 40 years.

{¶4} The indictment in this case encompasses two separate incidents, each involving the rape of a different victim, that occurred in 2001 and 2002, respectively. Jones was identified as a suspect in the 2002 incident, but the case was not pursued at that time. Ultimately, the charges in this indictment are the result of "hits," or matches, in the Combined DNA Index System.

{¶5} On February 27, 2017, the trial court held a plea hearing. After engaging Jones in a plea colloquy, the trial court accepted pleas of guilty to two counts of rape, amended to list the respective victims' names and to remove the sexually violent predator specifications. The remaining eight counts in the indictment, together with all corresponding specifications, were dismissed. The trial court subsequently ordered the probation department to prepare a pre-sentence investigation report.

{¶6} On April 18, 2017, the trial court held a sentencing hearing. After hearing from Jones's counsel, the prosecutor, one of the victims, and Jones, the trial court sentenced Jones to three years imprisonment on both counts. The three year terms were ordered to run concurrently to each other and consecutively to the 50 years that Jones was already serving.

{¶7} Jones subsequently appealed his sentence, bringing one assignment of error for our review.

**Law and Analysis**

**{¶8}** In Jones's sole assignment of error, he argues that the trial court failed to make the necessary findings to impose consecutive sentences under R.C. 2929.14(C)(4). Specifically, Jones asserts that the trial court failed to find any of the conditions required by R.C. 2929.14(C)(4)(a) through (c).

**{¶9}** Under R.C. 2953.08, an appellate court may overturn the imposition of consecutive sentences where "upon its review, [it] clearly and convincingly finds that 'the record does not support the sentencing court's findings' under R.C. 2929.14(C)(4), or the sentence is 'otherwise contrary to law.'" *State v. Lunder*, 8th Dist. Cuyahoga No. 101223, 2014-Ohio-5341, ¶ 10, citing R.C. 2953.08(G)(2)(a)-(b).

**{¶10}** R.C. 2929.14(C)(4) states:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

A trial court is required to make the findings described above at the sentencing hearing and incorporate its findings into its sentencing journal entry. *State v. Hendricks*, 8th Dist. Cuyahoga No. 101864, 2015-Ohio-2268, ¶ 12, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 1.

{¶11} While the trial court must make the requisite findings at sentencing, Ohio courts have consistently held that courts are not required to engage in a recitation of "magic words" in order to validly impose consecutive sentences. *State v. Gus*, 8th Dist. Cuyahoga No. 85591, 2005-Ohio-6717, ¶ 30, citing *State v. White*, 135 Ohio App.3d 481, 486, 734 N.E.2d 848 (8th Dist.1999), and *State v. Moore*, 8th Dist. Cuyahoga No. 84911, 2005-Ohio-4164, ¶ 7. Therefore, when it is clear from the record that the trial court engaged in the "appropriate analysis," a reviewing court can conclude that the sentence complied with R.C. 2929.14(C)(4). *State v. Pavlina*, 8th Dist. Cuyahoga No. 99207, 2013-Ohio-3620, ¶ 10, citing *State v. Murrin*, 8th Dist. Cuyahoga No. 83714, 2004-Ohio-3962, ¶ 12.

{¶12} After a thorough review of the record in this case, we are able to ascertain that, though at times more informally than not, the trial court made the requisite findings at the sentencing hearing.

{¶13} The trial judge explicitly stated that consecutive sentences are necessary to punish the offender. The judge also found that consecutive sentences are not disproportionate, clearly stating that "[t]hey are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public."

{¶14} Jones points out that at sentencing, the court at one point stated that consecutive sentences were not necessary to protect the public given Jones's advanced age at his release. If this single comment stood alone in the record, Jones's argument might have merit. However, a

review of the record shows that, despite this comment, the court made the requisite finding under R.C. 2929.14(C)(4)(c) that, given Jones's history as a serial rapist, consecutive sentences are necessary to protect the public from future crime.

{¶15} Specifically, the court made findings related to protecting the public at various points throughout the sentencing hearing. The court clearly made this finding when it stated:

> In order to find consecutive sentences, the Court has to make a determination it's necessary to protect the public, right, and it would not demean the seriousness. Both factors have been determined.

Additionally, at a later point in the sentencing hearing, upon reiterating that this case would result in Jones's ninth and tenth convictions for rape, the court stated:

> If we could have changed your behavior, we would have done that a lot earlier. That is not what we are trying to achieve. We are trying to achieve protection.

This analysis, together with numerous references to Jones's extensive criminal history of violent sexual offenses, shows that the trial court made the statutorily required findings necessary to impose consecutive sentences.

{¶16} Although we find no merit to Jones's argument that the trial court failed to make the required findings at his sentencing hearing, we agree that the findings were not incorporated into the court's journal entry. The court's journal entry states, in relevant part:

> The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11.

This language is sufficient to fulfill a trial court's obligations under R.C. 2929.11 and 2929.12. *State v. Caffey*, 8th Dist. Cuyahoga Nos. 101833 and 101834, 2015-Ohio-1311, ¶ 16, citing *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9, citing *State v. Kamleh*, 8th Dist. Cuyahoga No. 97092, 2012-Ohio-2061, ¶ 61. It is not, however, sufficient to satisfy the

requirements of R.C. 2929.14(C)(4). As we noted above, a trial court must both make the statutory findings at the sentencing hearing and incorporate those findings into its sentencing journal entry. *Id.*

{¶17} This failure by the trial court to incorporate its statutory findings under R.C. 2929.14(C)(4) in the sentencing journal entry after properly making those findings at sentencing is a "clerical mistake" that may be corrected by the court through a nunc pro tunc entry "to reflect what actually occurred in open court." *Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659*,* at ¶ 30, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 15.

{¶18} Therefore, we remand this case for the limited purpose of incorporating the consecutive sentence findings made at sentencing into the trial court's sentencing journal entry.

{¶19} Affirmed and remanded.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for correction and execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

EILEEN A. GALLAGHER, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR