[Cite as *State v. Davic*, 2021-Ohio-131.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-579 |
| v. | : | (C.P.C. No. 10CR-6766) |
| Bradford S. Davic, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 21, 2121

**On brief:** [*G. Gary Tyack*], Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Bradford S. Davic*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Bradford S. Davic, appeals from a judgment of the Franklin County Court of Common Pleas denying his "Motion to Vacate Void Plea Agreement." For the following reasons, we affirm.

{¶ 2} This court has reviewed appellant's case in four prior decisions authored by four different judges. *See State v. Davic*, 10th Dist. No. 11AP-555, 2012-Ohio-952 ("*Davic I*"), *appeal not accepted*, 132 Ohio St.3d 1482, 2012-Ohio-3334; *State v. Davic*, 10th Dist. No. 15AP-1000, 2016-Ohio-4883 ("*Davic II*"), *appeal not accepted*, 147 Ohio St.3d 1508, 2017-Ohio-261; *State v. Davic,* 10th Dist. No. 17AP-354 (Dec. 26, 2017) (memorandum decision) ("*Davic III*"); *State v. Davic,* 10th Dist. No. 18AP-569, 2019-Ohio-1320 ("*Davic*

*IV*"), *appeal not accepted*, 156 Ohio St.3d 1478, 2019-Ohio-3148. From these decisions, we extract the pertinent factual and procedural history of this case.

{¶ 3}   On April 13, 2011, appellant pled guilty to four counts of rape, one count of importuning, and one count of gross sexual imposition. The guilty plea arose from a sexual encounter appellant arranged with a 12-year-old girl. Based on his plea, the trial court sentenced appellant to ten years to life on each of the four rape counts, eight years on the importuning count, and five years on the gross sexual imposition count. The court ordered the sentences for the four rape counts to be served consecutively to each other and concurrently to the sentences on the importuning and gross sexual imposition counts. Because the rape victim was less than 13 years old, the sentence on each of the rape counts carried a lifetime of incarceration. Appellant's aggregate sentence was 40 years to life. The trial court memorialized its judgment and sentence on May 24, 2011.

{¶ 4}   Appellant, through counsel, timely appealed his conviction and sentence, arguing that (1) his guilty plea was not entered knowingly, voluntarily, and intelligently because he misunderstood the terms of the plea agreement regarding his sentence, and (2) the trial court abused its discretion by imposing consecutive sentences on the rape counts. This court rejected both arguments, concluding that appellant failed to establish that he did not understand the sentence he was facing when the trial court accepted his guilty plea and that the trial court did not abuse its discretion in failing to merge the rape offenses. *Davic I* at ¶ 7-11.

{¶ 5}   In November 2014, appellant, pro se, filed a motion to correct the May 24, 2011 sentencing entry to accurately reflect that the trial court had not advised him at the plea hearing that he would be classified as a Tier III sex offender. Resolution of that motion languished until 2017 due to changes in the common pleas bench.

{¶ 6}   Meanwhile, on August 6, 2015, appellant, pro se, moved for resentencing, arguing that his sentence was void because the trial court failed to advise him at the sentencing hearing that he would be (1) classified a Tier III sex offender, and (2) subject to mandatory post-release control. The trial court denied the motion; appellant appealed. This court affirmed, finding that because the trial court properly advised appellant of those matters, his sentence was not void. *Davic II* at ¶ 5, 19, 24.

{¶ 7}   On April 26, 2017, the trial court denied appellant's November 2014 motion to correct the judgment entry.  Appellant appealed, arguing that the judgment entry was never properly journalized because it failed to include his Tier III sex offender classification and, as a result, the entry was not a final appealable order.  Therefore, argued appellant, this court lacked jurisdiction to consider his appeal in *Davic I.*  We acknowledged that the trial court did not expressly journalize appellant's sex offender classification; however, we concluded that because appellant had been notified of said classification at the sentencing hearing, the failure to journalize it was not a substantive error.  As such, the order was final and correctible by nunc pro tunc entry.  *Davic III* at ¶ 9-18.  We further noted the trial court's inaccurate statement in the judgment entry that appellant had been notified of his sex offender classification during the plea hearing, when, in fact, the first mention of the classification occurred at sentencing.  *Id.* at ¶ 19.  We found the error to be harmless given appellant's failure to allege that he would not have entered into the plea agreement but for the trial court's failure to provide him with notification at the plea hearing.  However, we remanded the matter to the trial court to issue a nunc pro tunc sentencing entry to accurately reflect appellant's classification as a Tier III sex offender and remove the inaccurate statement that the trial court advised him of that classification during the plea hearing.  *Id.* at ¶ 22.

{¶ 8}   The trial court issued a nunc pro tunc entry in accordance with our remand order.  On May 24, 2018, appellant filed a pro se motion asserting that the original judgment entry of May 24, 2011 was not a final appealable order because the trial court failed to impose separate sex offender classifications and terms of post-release control on each of the counts for which he was convicted. Following the trial court's denial of that motion, appellant argued on appeal that res judicata was inapplicable because the trial court's errors rendered the original judgment entry void, making our decisions in *Davic I*, *II*, and *III* legally invalid.  This court found no error in the trial court's blanket notifications regarding the sex offender classification and post-release control. We further found "[appellant's] judgment of conviction is not void in whole or in part and thus there is no effect to the validity of our prior appellate judgments concerning his sentence." *Davic IV* at ¶ 16.

{¶ 9} On April 2, 2019, appellant, pro se, filed in the trial court the motion that is the subject of the present appeal. In this filing, captioned as "Motion to Vacate Void Plea Agreement," appellant claimed that his plea agreement was void because the trial court failed to advise him at the plea hearing that he would be (1) sentenced to consecutive prison terms on the rape counts, (2) classified as a Tier III sex offender, and (3) subject to five years' mandatory post-release control. In a decision and entry issued on August 1, 2019, the trial court, construing appellant's motion as a Crim.R. 32.1 motion to withdraw his guilty plea, denied said motion without holding a hearing. Specifically, the court found that appellant's motion was barred by res judicata, was untimely, and failed to establish manifest injustice.[1]

{¶ 10} Appellant appeals and advances the following nine assignments of error for our review:

> [I]. The trial erred in construing Davic's Motion to Vacate Void Plea Agreement as a motion to withdraw his plea, and denying the motion on that basis, in violation of his Due Process protections under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section § 10 of the Ohio Constitution.
>
> [II]. Where the trial court failed to inform Davic that the four counts of rape to which he would plead guilty carried mandatory consecutive sentences pursuant to R.C. 2971.03(E), his plea was not entered knowingly, intelligently, and voluntarily, which violated his Due Process protections under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section § 10 of the Ohio Constitution.
>
> [III]. Where the trial court failed to inform Davic that one of the consequences of his pleading guilty would be lifetime registration as a Tier III sex offender, his plea was not entered knowingly, intelligently, and voluntarily, which violated his Due Process protections under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section § 10 of the Ohio Constitution.
>
> [IV]. Where the trial court failed to personally inform Davic that one of the consequences of his pleading guilty would be a

---

[1] In the same decision and entry, the trial court also denied appellant's April 11, 2019 motion for resentencing. Appellant has not asserted error in that denial.

mandatory five-year term of post-release control, his plea was not entered knowingly, intelligently, and voluntarily, which violated his Due Process protections under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section § 10 of the Ohio Constitution.

[V]. The trial court erred in finding Davic's guilty plea to be voidable, not void, violating Davic's Due Process protections under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section § 10 of the Ohio Constitution.

[VI]. Davic's plea agreement did not constitute a valid, enforceable contract, in violation of his Due Process protections under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section § 10 of the Ohio Constitution.

[VII]. The trial court erred in using res judicata to deny Davic's Motion to Vacate Void Plea Agreement, violating his Due Process protections under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section § 10 of the Ohio Constitution.

[VIII]. Davic received ineffective assistance of trial counsel in violation of the Sixth Amendment to the U.S. Constitution and Article I, Section § 10 of the Ohio Constitution.

[IX]. The trial court erred in dismissing Davic's Motion to Vacate Void Plea Agreement without first holding an evidentiary hearing, violating his Due Process protections under the Fourteenth Amendment to the U.S. Constitution and Article I, Section § 10 of the Ohio Constitution.

{¶ 11} Appellant's first assignment of error contends that the trial court erred in construing his "Motion to Vacate Void Plea Agreement" as a Crim.R. 32.1 motion to withdraw a guilty plea. However, appellant asserts in his reply brief that he has withdrawn this assignment of error. Accordingly, we need not address it.

{¶ 12} Appellant having acknowledged the trial court's proper characterization of his motion as a Crim.R. 32.1 motion to withdraw a guilty plea, we set forth the applicable standard of review. Crim.R. 32.1 permits a motion to withdraw a guilty plea " 'only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.' " *State*

*v. Lowe*, 10th Dist. No. 14AP-481, 2015-Ohio-382, ¶ 6, quoting *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5.   " 'Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.' " *Id.* at ¶ 6, quoting *Williams* at ¶ 5.  Under the manifest injustice standard, a post-sentence motion to withdraw a guilty plea is available only in extraordinary circumstances. *State v. Honaker*, 10th Dist. No. 04AP-146, 2004-Ohio-6256, ¶ 7, citing *State v. Smith*, 49 Ohio St.2d 261, 264 (1977).

{¶ 13} A Crim.R. 32.1 motion is generally addressed to the sound discretion of the trial court. *Lowe* at ¶ 7, citing *Smith* at paragraph two of the syllabus. Therefore, "an appellate court will ordinarily not reverse a trial court's denial of a motion to withdraw a guilty plea absent an abuse of discretion." *Id.*, citing *State v. Totten*, 10th Dist. No. 05AP-278, 2005-Ohio-6210, ¶ 5.

{¶ 14} However, an appellate court reviews questions of law, including whether a trial court has subject-matter jurisdiction to consider a motion to withdraw a guilty plea, under a de novo standard. *State v. West*, 10th Dist. No. 15AP-858, 2016-Ohio-7864, ¶ 23. Moreover, an appellate court may sua sponte review a trial court's jurisdiction to entertain a motion to withdraw a plea. *State v. Vild*, 8th Dist. No. 87742, 2007-Ohio-987, ¶ 12.

{¶ 15} Appellant's second through ninth assignments of error are interrelated and will be considered together.  In them, appellant asserts that the trial court committed various errors related to the denial of his motion to withdraw his guilty plea.  For the following reasons, we conclude that the trial court lacked subject-matter jurisdiction to consider appellant's motion.

{¶ 16} The Supreme Court of Ohio has determined that "Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw [a] guilty plea subsequent to an appeal and an affirmance by the appellate court." *State ex. rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978). Intermediate appellate courts, including this court, have applied *Special Prosecutors* to conclude that a trial court is without jurisdiction to consider a motion to withdraw a guilty plea on manifest injustice grounds when an appellant's direct appeal of his or her conviction has been affirmed. *See State v. Enyart*, 10th Dist. No. 17AP-507, 2018-Ohio-1071, ¶ 13-16 (citing cases).

{¶ 17} In his reply brief, appellant acknowledges *Special Prosecutors*, but argues that it does not apply to his case. First, appellant contends that this court's decision in *Davic I* (his direct appeal) was a "nullity," as we lacked jurisdiction to consider that appeal. (Appellant's Reply Brief at 6.) As noted above, this court in *Davic IV* rejected appellant's jurisdictional argument, finding no merit to his contentions that our decisions in *Davic I*, *II*, and *III* were legally invalid. *Id.* at ¶ 16.

{¶ 18} Moreover, the premise underlying appellant's jurisdictional argument, i.e., that his guilty plea was void because the trial court failed to comply with the Crim.R. 11(C)(2)(a) requirements for accepting that plea, is inapposite. In *State v. Harper*, __ Ohio St.3d __, 2020-Ohio-2913, the Supreme Court of Ohio recalibrated the voidness doctrine, holding that voidness arises only when a trial court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused. *Id.* at ¶ 42. Here, appellant was properly indicted for crimes committed in Franklin County. Because the Franklin County Court of Common Pleas had personal and subject-matter jurisdiction over appellant's plea and sentencing proceedings, the Supreme Court's holding in *Harper* establishes that appellant's convictions, entered pursuant to his guilty plea, were not void.

{¶ 19} Secondly, appellant claims that the holding in *Special Prosecutors* "was overturned, or at least amended, in State v. Davis, 131 Ohio St. 3d 1 (2011)." (Appellant's Reply Brief at 7.) In *State v. Davis*, 131 Ohio St.3d 1 (2011), the Supreme Court of Ohio stated that "the holding in *Special Prosecutors* does not bar the trial court's jurisdiction over posttrial motions permitted by the Ohio Rules of Criminal Procedure. These motions provide a safety net for defendants who have reasonable grounds to challenge their convictions and sentences." *Id.* at ¶ 37. Appellant seizes upon this language in arguing, without citation to any authority, that "there is no reason the holding would not apply equally to a Crim.R. 32.1 motion to withdraw (or vacate) a guilty plea. Both are 'posttrial motions permitted by the Ohio Rules of Criminal Procedure.' " (Appellant's Reply Brief at 7.)

{¶ 20} As appellant acknowledges, *Davis* involved a post-trial, post-appeal motion for a new trial under Crim.R. 33 based upon newly discovered evidence and not a Crim.R. 32.1 motion to withdraw a guilty plea. Further, the characterization of a Crim.R. 32.1 motion as a "posttrial motion" for purposes of *Davis* was considered in *State v. Dixon*, 2d

Dist. No. 2017-CA-80, 2019-Ohio-1385. There, the court noted that "*Davis's* impact on a trial court's jurisdiction over a post-sentence, post-appeal plea-withdrawal motion is subject to debate given that such a motion is not a 'posttrial motion' (because there is no 'trial' on a plea) and *Special Prosecutors* suggests a trial court lacks jurisdiction over a post-appeal plea-withdrawal motion." *Id.* at ¶ 14, fn. 2.

{¶ 21} We further note that the Supreme Court of Ohio decided *Davis* prior to our decision in *Enyart,* wherein, as previously mentioned, we applied *Special Prosecutors* in concluding that a trial court lacks jurisdiction to consider a Crim.R. 32.1 motion to withdraw a guilty plea on manifest injustice grounds following affirmance of a conviction on direct appeal. *Enyart,* 10th Dist. No. 17AP-507, 2018-Ohio-1071, ¶ 13-16. Although this court undoubtedly was aware of *Davis* when it decided *Enyart*, we did not apply the language cited by appellant to encompass a Crim.R. 32.1 motion to withdraw a guilty plea.

{¶ 22} Given the discussion in *Dixon*, the *Enyart* court's reliance on *Special Prosecutors* and failure to extend *Davis* to Crim.R. 32.1 motions to withdraw a guilty pleas, and appellant's failure to provide this court with definitive authority extending *Davis* to such motions, we decline appellant's invitation to do so here.

{¶ 23} As mentioned above, this court affirmed appellant's conviction and sentence on direct appeal. *Davic I.* In light of the decision of the Supreme Court in *Special Prosecutors* and the decision of this court in *Enyart*, the trial court did not have jurisdiction over appellant's motion to withdraw his guilty plea because this court previously affirmed appellant's conviction and sentence based on that plea.

{¶ 24} For the foregoing reasons, we find that the trial court did not err in denying appellant's motion to withdraw his guilty plea, albeit for reasons different than those articulated by the trial court. Appellant's second through ninth assignments of error are overruled.

{¶ 25} Appellant's first assignment of error having been withdrawn, and his second through ninth assignments of error having been overruled, we hereby affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and BEATTY BLUNT, JJ., concur.

_____