[Cite as *State v. Jones*, 2022-Ohio-1674.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 110855 |
| LEE JONES, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 19, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-608422-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Brandon A. Piteo, Assistant Prosecuting
Attorney, *for appellee.*

Lee Jones, *pro se.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Lee Jones appeals the denial of his motion to vacate a void judgment

and sentence. For the following reasons, we affirm.

{¶ 2} Jones is a convicted serial rapist. *State v. Jones*, 8th Dist. Cuyahoga

No. 105801, 2018-Ohio-850, ¶ 14. In 2016, he was serving a 50-year aggregate term

of imprisonment for five separate rape convictions. *Id.* at ¶ 3. That same year, Jones was indicted on ten new charges stemming from the rape or attempted rape of two other victims, which resulted in his ninth and tenth convictions for rape. *Id.* at ¶ 5, 15. Jones pleaded guilty to two counts of rape, in violation of R.C. 2907.02(A)(2), with the state agreeing to delete the sexually violent predator specifications attendant to the rape charges along with the remaining counts. *Id.* According to the state, in describing Jones's comments at the sentencing hearing, Jones acknowledged that the DNA evidence in one of the rape cases was limited to his blood deposits from a victim who fought back against Jones's attack. With respect to the other victim, Jones claimed the sexual conduct was consensual. In 2017, Jones was sentenced to serve three years in prison for both counts, consecutive to the prison terms he was then serving. *Id.* at ¶ 6.

{¶ 3} Approximately five years later, the state filed a "supplemental response to request for discovery under Rule 16" attaching a notification from the Bureau of Criminal Investigation that "a preliminary association was made between Ohio Bureau of Criminal Investigation – Richfield specimen 14-306858 1.4.1F2 Sak+ and" another individual.[1] The identification occurred in February 2019 from a search of Ohio's State DNA Index System, but the record does not provide any information as to the reason for the post hoc, supplemental discovery being filed years after the final convictions. *See* Crim.R. 16(L) (trial court has authority to

---

[1] Jones attached a copy of the State Hit Notification to his motion to vacate the void conviction and sentence.

regulate discovery "during the course of the proceedings"); *State v. Hale*, 8th Dist. Cuyahoga No. 103654, 2016-Ohio-5837, ¶ 52 (offenders have no right to discovery, under Crim.R. 16 or any other rule, in postconviction proceedings), citing *State ex rel. Love v. Cuyahoga Cty. Prosecutor's Office*, 87 Ohio St.3d 158, 718 N.E.2d 426 (1999), *State v. Bryan*, 8th Dist. Cuyahoga No. 93038, 2010-Ohio-2088, ¶ 45, and *State v. Taylor*, 8th Dist. Cuyahoga No. 80271, 2002-Ohio-2742, ¶ 19. And further, Jones does not specify to which victim the latest DNA identification applies, if any, or how any further testing impacts the factual foundation of his guilty pleas.

{¶ 4} Nevertheless, Jones filed a motion to vacate a void judgment and sentence upon receiving the supplemental discovery, claiming the preliminary match of another individual on the unspecified DNA material was dispositive proof of his innocence with respect to both victims. In that motion, Jones expressly stated that the motion was not filed under Ohio's postconviction relief statute, R.C. 2953.21 et al., but was to be construed as a motion challenging the legal validity of his convictions, under the trial court's inherent authority to vacate a void judgment. Jones concedes that should his motion to vacate a void judgment be recast as a petition for postconviction relief, his motion would be untimely under R.C. 2953.21 and 2953.23. Reply Brief at p. 1 ("If the Court would follow the State's suggestion [to recast the motion to vacate as a petition for postconviction relief], then Jones's Petition for Post-Conviction Relief pursuant to R.C.§2953.21 and §2953.23 would be untimely"). However, the primary focus of Jones's request is upon his guilty plea and whether he should be permitted to withdraw that plea based on the newly

discovered evidence or because his trial counsel provided ineffective assistance by "coercing" Jones into taking the state's plea offer. The trial court denied Jones's motion.

{¶ 5} Jones's claims with respect to the legal validity of the convictions are misplaced. In *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, and *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, the Ohio Supreme Court held that "sentences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are voidable if the court imposing the sentence has jurisdiction over the case and the defendant." *Henderson* at ¶ 1; *see also State v. Stewart*, 8th Dist. Cuyahoga No. 109498, 2020-Ohio-6743, ¶ 5. If the error rendered the defendant's conviction voidable, the error cannot be corrected through a postconviction proceeding or through another form of collateral attack. *Stewart* at ¶ 5, citing *Henderson* at ¶ 43. If a conviction is considered void, a court possesses continuing jurisdiction to correct the sentence. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19. Before the combination of *Harper* and *Henderson* ("*Harper/Henderson*"), Ohio followed an expanded notion of what constituted a void act; a sentence imposed in violation of law was considered void and subject to collateral attack in postconviction proceedings. Under *Harper/Henderson*, the Ohio Supreme Court returned to the traditional definition of void. Errors, other than challenging the trial court's subject matter jurisdiction, can only be corrected

through a direct appeal rather than through a collateral attack in a postconviction proceeding.

{¶ 6} In this case, Jones unsuccessfully challenged his final conviction in a direct appeal, and his current claim of actual innocence does not challenge the trial court's subject matter jurisdiction over the underlying criminal action. As a result, our inquiry is limited. Jones has not identified any basis to claim that his conviction is void as defined by *Harper/Henderson*. App.R. 16(A)(7). Instead, Jones's claim rests upon the notion that newly discovered evidence potentially impacts proof of his guilt. Jones, however, pleaded guilty to the two rape convictions, admitting to the facts of his having committed the crimes. Nothing from the record demonstrates that Jones's plea was contingent on protestations of innocence as recognized under *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) ("while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty"). Because Jones's convictions are not potentially void based on the arguments he presents, we must first categorize the arguments in order to determine the appropriate standard of review.

{¶ 7} Our inquiry begins under the notion that this case is not about the validity of the underlying proceeding leading to the conviction. It is about determining whether a trial court has continuing jurisdiction after entering the final entry of convictions to permit Jones to withdraw his guilty plea or otherwise reopen the underlying case. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121

N.E.3d 351, ¶ 38-41 (trial court lacked jurisdiction to consider the defendant's claim as being either a petition for postconviction relief or a motion for new trial under Crim.R. 33, and without another basis to secure the trial court's jurisdiction, the motion must be denied). Once a court of competent jurisdiction renders a final sentence in a criminal action, that court's continuing jurisdiction to act in postconviction proceedings is limited. *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 23, citing *Zaleski* at ¶ 19, and *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23. There must be a jurisdictional basis for the trial court to offer the requested relief. *Apanovitch* at ¶ 38-41.

{¶ 8} A defendant can invoke the trial court's limited jurisdiction to vacate a final conviction in several ways, including but not limited to, through (1) filing a motion to correct a void judgment; (2) filing a timely or successive petition for postconviction relief under R.C. 2953.21 et al.; (3) filing a motion for a new trial under Crim.R. 33; (4) filing a postsentence motion to withdraw a plea under Crim.R. 32.1; or (5) seeking relief under Ohio's postconviction DNA testing statutes R.C. 2953.71 through 2953.84. Because the trial court's jurisdiction to consider postconviction motions or petitions is limited, the initial inquiry is whether the trial court may invoke its continuing jurisdiction to consider the postconviction motion seeking to vacate the final conviction. In this regard, "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by

which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.

{¶ 9} Jones pleaded guilty to the two rape convictions, and as such, he cannot avail himself of an untimely or successive petition for postconviction relief, or a delayed motion for new trial under Crim.R. 33. That latter conclusion is self-evident given Jones's guilty pleas, but in order for the trial court to entertain an untimely or successive petition for postconviction relief, the petitioner must demonstrate that he was both unavoidably prevented from discovery of the facts upon which the claimed relief is sought *and* but for the "error at trial, no reasonable factfinder would have found the petitioner guilty." R.C. 2953.23(A)(1). Under the unambiguous language of the statute, a petitioner who pleaded guilty cannot seek an untimely or successive petition for postconviction relief since he is unable to demonstrate an error at trial upon which the factfinder would have found him not guilty.

{¶ 10} Further, Jones claims that he is innocent of the two rape charges because another person was identified by DNA testing of an unidentified sample of DNA material with respect to an unspecified case or victim. Under R.C. 2953.23(A)(1)(b), the petitioner must demonstrate a "constitutional error at trial." *Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, at ¶ 26. "Actual innocence" is not a constitutional claim, and therefore, it does not satisfy the requirements for an untimely or successive petition for postconviction relief even if

Jones had not pleaded guilty admitting to the facts of his crimes. *Id.* Jones cannot avail himself of Ohio's postconviction relief statutes.

{¶ 11} The supplemented discovery in this case also cannot be considered a product of testing performed under R.C. 2953.71 through 2953.84, Ohio's postconviction DNA testing statutes. Those provisions also do not apply to offenders who plead guilty to the crimes. Under R.C. 2953.72(C), an offender is "eligible" to seek postconviction DNA testing only if, in pertinent part, he was found guilty by a "judge or jury" of the felony offense. Offenders who plead guilty or no contest to the felony offense are ineligible to pursue postconviction DNA testing under the unambiguous language of the statute. *State v. Harris*, 8th Dist. Cuyahoga No. 103924, 2016-Ohio-4707, ¶ 19; *State v. Lucas*, 9th Dist. Lorain No. 11CA100050, 2012-Ohio-2826, ¶ 8.[2]

{¶ 12} With limited options available to secure the trial court's continuing jurisdiction to substantively provide Jones relief through vacating the final convictions, and in light of Jones's focus on the validity of his guilty plea, the closest analogue upon which the trial court maintained continuing its jurisdiction is a

---

[2] At one time this was possible under R.C. 2953.82. Under R.C. 2953.82, an offender who pleaded guilty or no contest to the felony could be deemed eligible. *State v. Cordell*, 2d Dist. Greene No. 2010 CA 19, 2011-Ohio-1735, ¶ 15. The prosecutor, however, had sole discretion as to whether an offender who pleaded guilty or no contest could pursue postconviction DNA testing. R.C. 2953.82(D), eff. July 11, 2006. The Ohio Supreme Court declared R.C. 2953.82(D) unconstitutional, severing it from the statute. *State v. Sterling*, 113 Ohio St.3d 255, 2007-Ohio-1790, 864 N.E.2d 630, ¶ 34. The legislature, through 2009 S.B. 77, repealed R.C. 2953.82 in its entirety effective July 6, 2010, with no similar provision taking its place.

postsentence motion to withdraw his guilty plea under Crim.R. 32.1.[3]  Without recasting Jones's motion as filed under Crim.R. 32.1, we would not have an appellate standard upon which the validity of the trial court's decision could be reviewed.  At the least, Jones has not identified any other basis for the trial court to assert continuing jurisdiction to reopen his final convictions and we are left to determine that basis of our own accord.  App.R. 16(A)(7).

{¶ 13}  "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  Crim.R. 32.1.  "Manifest injustice" is defined as a "'fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.'"  *State v Cottrell*, 2010-Ohio-5254, ¶ 15, quoting *State v. Sneed*, 8th Dist. Cuyahoga No. 80902, 2002-Ohio-6502.  "It has also been defined as 'a clear or openly unjust act,' which exists only in extraordinary cases."  *Id.* at ¶ 15, citing *State v. Owens*, 8th Dist. Cuyahoga No. 94152, 2010-Ohio-3881, and *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998); *State v.*

---

[3] The Ohio Supreme Court has accepted the following proposition of law for review: "A sentence that exceeds the statutory maximum for the offense of conviction must be corrected by a trial court even when the sentence has not been challenged on direct appeal and the time for noting an appeal has passed."  *State v. Stansell*, 165 Ohio St.3d 1403, 2021-Ohio-3631, 175 N.E.3d 547, 547.  Resolution of that proposition may impact our conclusion with respect to the jurisdictional limitations on a trial court's review of postconviction motions.

*Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977). "And generally, res judicata bars a defendant from raising claims in a Crim.R. 32.1 post-sentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal." *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 15, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59.

{¶ 14} Appellate review of the denial of a postsentence motion to withdraw a guilty plea occurs under the abuse-of-discretion standard of review. *Straley* at ¶ 15, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus, and *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 32. "A trial court is not required to hold a hearing on every postsentence motion to withdraw a guilty plea"; a hearing is only required "if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea." *State v. D-Bey*, 8th Dist. Cuyahoga No. 109000, 2021-Ohio-60, ¶ 57, citing *State v. Norman*, 8th Dist. Cuyahoga No. 105218, 2018-Ohio-2929, ¶ 16, and *State v. Vihtelic*, 8th Dist. Cuyahoga No. 105381, 2017-Ohio-5818, ¶ 11.

{¶ 15} In this case, Jones contends that the implication of another person through DNA matching demonstrably proves his innocence as to both rape convictions, which constitutes a manifest injustice sufficient to warrant the withdrawal of his guilty plea in this case. The trial court, however, was precluded from granting Jones relief.

{¶ 16} According to well-settled Ohio law, a trial court lacks authority to consider a motion to withdraw a guilty plea following an affirmance of an offender's convictions by an appellate court. Crim.R. 32.1 "'does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.'" *Ketterer,* 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, at ¶ 61, quoting *State ex rel. Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978). In other words, once the convictions have been affirmed on appeal, the trial court no longer may entertain a postsentence motion to withdraw a guilty plea under Crim.R. 32.1. *See also State v. Hill*, 1st Dist. Hamilton No. C-190337, 2020-Ohio-3271, ¶ 10; *State v. Carter*, 3d Dist. Allen No. 1-11-36, 2011-Ohio-6104, ¶ 11; *State v. Caston*, 6th Dist. Erie No. E-11-077, 2012-Ohio-5260, ¶ 10; *State v. Smith*, 7th Dist. Mahoning No. 14 MA 65, 2015-Ohio-4809, ¶ 5; *State v. Bains*, 8th Dist. Cuyahoga No. 98845, 2013-Ohio-2530, ¶ 21; *Ohio v. Torres*, 9th Dist. Medina No. 19CA0076-M, 2020-Ohio-3691, ¶ 7; *State v. Davic*, 2021-Ohio-131, 166 N.E.3d 681, ¶ 16-22 (10th Dist.) (concluding that *Special Prosecutors* has not been overruled by the Ohio Supreme Court); *State v. Peters*, 12th Dist. Clermont No. CA2015-07-066, 2016-Ohio-5288, ¶ 8.

{¶ 17} In *Jones*, 8th Dist. Cuyahoga No. 105801, 2018-Ohio-850, Jones's convictions for the two counts of rape were affirmed. The trial court, therefore, lacked the power to thereafter vacate the convictions. In addition, and solely for the

sake of the discussion, even if the trial court possessed such a power, the claims Jones advances based on the lack of DNA evidence were known to him at the time of his sentencing based on the state's uncontested recitation of Jones's sentencing statements. Accordingly, Jones's current arguments are precluded under the doctrine of res judicata since he could have raised the same arguments challenging the validity of his guilty plea in the direct appeal.

**{¶ 18}** There is no other basis upon which the trial court could have afforded Jones his requested relief. Jones's assignments of error are overruled.

**{¶ 19}** We affirm.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
EMANUELLA D. GROVES, J., CONCUR