[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ogle v. Hocking Cty. Common Pleas Court,* Slip Opinion No. 2023-Ohio-3534.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-3534

THE STATE EX REL. OGLE, APPELLANT, *v.* HOCKING COUNTY COMMON PLEAS COURT ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ogle v. Hocking Cty. Common Pleas Court, Slip Opinion No. 2023-Ohio-3534.*]

*Mandamus—Prohibition—Court of appeals correctly determined doctrine of res judicata barred petitioner's claims that trial court deprived her of right to counsel and lacked jurisdiction to sentence her—Court of appeals' judgment affirmed.*

(No. 2022-1052—Submitted February 28, 2023—Decided October 3, 2023.)

APPEAL from the Court of Appeals for Hocking County, No. 20CA9.

_____

**KENNEDY, C.J.**

{¶ 1} In this appeal from a judgment of the Fourth District Court of Appeals, appellant, Melanie A. Ogle, challenges the court of appeals' grant of summary judgment in favor of appellees, the Hocking County Common Pleas Court and Judge Dale Crawford (collectively, "the trial court"), in her action for writs of mandamus and prohibition. The Fourth District correctly determined that the doctrine of res judicata bars Ogle's claims that the trial court deprived her of her right to counsel and lacked jurisdiction to sentence her. We therefore affirm the Fourth District's judgment.

**Facts and Procedural History**

{¶ 2} In August 2011, a jury found Ogle guilty of assaulting a peace officer, a felony violation of R.C. 2903.13. The trial court granted Ogle a recognizance bond until her sentencing, but on September 9, the state moved to revoke the bond. The state's motion cited an incident report issued by the Logan Police Department, which, according to the state's motion, indicated that Ogle had "had direct, confrontational contact with a juror in this case." When Ogle failed to appear for a hearing on the motion, the trial court revoked her bond and issued a bench warrant.

{¶ 3} On September 16, the trial court placed Ogle on house arrest with electronic monitoring. The court's order stated that Ogle "shall be released on a Recognizance Bond with the conditio[n that] the Defendant is to have no contact, direct or indirect, with any juror, witness, *lawyer* or the Court while on bond." (Emphasis added.)

{¶ 4} Ogle was represented by counsel at trial and at the September 16 revocation hearing. On September 21, however, she filed a "notice of pro se appearance" in which she waived her right to counsel due to her inability to pay.

{¶ 5} On September 27, the trial court held Ogle's sentencing hearing. At the hearing, Ogle refused to sign a waiver-of-counsel form, insisting that she was not waiving her right to counsel but that she had "an inability to obtain counsel."

2

The trial court asked Ogle three times whether she wanted the court to appoint counsel to represent her. Ogle did not directly answer the court's questions but responded that she was not waiving her right to counsel. The trial court told Ogle that it would "take [her] notice of pro se appearance as a voluntary waiver of [her] right to counsel at th[at] point in time because [she had] not requested the Court [to] appoint Counsel on [her] behalf." Ogle continued to assert at the hearing that she was not waiving her right to counsel, prompting the court to say the following:

> Well, as I said, I could have ten different hearings, Mrs. Ogle, with you, and you could say the same thing, I haven't waived my right to counsel and then I don't know what I am supposed to do. I can't force counsel upon you. I have asked you if you want the Court to appoint counsel since you can't afford one. You won't answer yes under that question so I am going to proceed with sentencing.

{¶ 6} The trial court then conducted the sentencing hearing and imposed a three-year period of community control, a six-month jail term, a $2,500 fine, and $792.65 in restitution and ordered Ogle to pay court costs. When the court asked whether she had anything else to say before the hearing ended, Ogle stated, "I do not waive my right to counsel. I have an inability to obtain counsel." Ogle added that she believed that the hearing violated her rights under the Sixth and Fourteenth Amendments to the United States Constitution.

{¶ 7} On September 28, the trial court journalized its sentencing entry, which stayed the start of Ogle's jail term until October 27. The record does not show what, if anything, occurred on October 27. On November 22, the trial court summoned Ogle back to court, apparently out of concern that "there may [have been] some type of misunderstanding." At that hearing, the court stated, "[A]t no

time have I ever ordered you not to have any contact with a lawyer." When Ogle asserted that the court's September 16 bond order forbade her from speaking to any attorney, the court responded, "The bond order doesn't say that." The court then told Ogle that if she wanted an attorney to represent her, it "would be happy to appoint [one] for purposes of her appeal" as well as her bond argument, provided she filled out an affidavit of indigency. The hearing concluded with no resolution of the legal-representation question.

{¶ 8} On November 22, the trial court revoked Ogle's bond after it was notified that Ogle would no longer pay for electronic monitoring.

{¶ 9} The Fourth District affirmed Ogle's conviction on direct appeal. *See State v. Ogle*, 4th Dist. Hocking Nos. 11CA29, 11CA32, 12CA2, 12CA11, 12CA12, and 12CA19, 2013-Ohio-3420, ¶ 48 ("*Ogle I*").

{¶ 10} Approximately seven years later, in September 2020, Ogle filed a complaint for writs of mandamus and prohibition in the Fourth District. She alleged that the trial court had no jurisdiction to hold the September 27, 2011 sentencing hearing because she had not waived her right to counsel. She asked the court of appeals to void the September 28, 2011 sentence.

{¶ 11} On the trial court's motion, the Fourth District dismissed the complaint. The court of appeals held that a writ of prohibition would not lie, because the trial court had general jurisdiction over Ogle's felony case. And it held that Ogle was not entitled to mandamus relief, because she had an adequate remedy by way of direct appeal to assert her right-to-counsel claim.

{¶ 12} Ogle appealed as of right to this court, which reversed and remanded. *State ex rel. Ogle v. Hocking Cty. Common Pleas Court*, 167 Ohio St.3d 181, 2021-Ohio-4453, 190 N.E.3d 594, ¶ 19, 24 ("*Ogle II*"). In reaching its conclusion, a majority of this court relied on *Johnson v. Zerbst*, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), in which the United States Supreme Court held that when the accused "is not represented by counsel and has not competently and intelligently

4

waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence." *See Ogle II* at ¶ 12-14. The majority held that Ogle had stated a colorable claim that her underlying conviction was void. *Id*. at ¶ 19.

{¶ 13} On remand, the Fourth District granted summary judgment in favor of the trial court. According to the court of appeals, Ogle "already presented her arguments regarding (1) the trial court's lack of jurisdiction to sentence her and (2) the violation of her Sixth and Fourteenth Amendment rights" in 2011, in her direct appeal from her conviction in *Ogle I*, 2013-Ohio-3420. Having already unsuccessfully presented these claims, the Fourth District reasoned, Ogle's second effort to raise the same issues was barred by res judicata.

{¶ 14} Ogle has appealed to this court as of right.

**Law and Analysis**

{¶ 15} "The doctrine of res judicata bars someone from raising a claim that could have been raised and litigated in a prior proceeding." *State v. Blanton*, 171 Ohio St.3d 19, 2022-Ohio-3985, 215 N.E.3d 467, ¶ 2. However, res judicata does not preclude review of a sentence that is void for lack of subject-matter jurisdiction. *See Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, ¶ 46; *State v. Wilson*, 73 Ohio St.3d 40, 45, 652 N.E.2d 196 (1995), fn. 6. Conversely, "[w]here a judgment of conviction is rendered by a court having jurisdiction over the person of the defendant and jurisdiction of the subject matter, such judgment is not void, and the cause of action merged therein becomes res judicata as between the state and the defendant." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph six of the syllabus.

{¶ 16} "Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 23, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11-12, 34. " 'A court's

subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case.' " *Id*., quoting *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19. "Rather, the focus is on whether the forum itself is competent to hear the controversy." *Id*., citing 18A Wright, Miller & Cooper, *Federal Practice and Procedure*, Section 4428, at 6 (3d Ed.2017) ("Jurisdictional analysis should be confined to the rules that actually allocate judicial authority among different courts").

{¶ 17} "[P]ursuant to R.C. 2931.03, 'a common pleas court has subject-matter jurisdiction over felony cases.' " *Id*. at ¶ 25, quoting *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8. The Hocking County Court of Common Pleas, then, was the proper forum to sentence Ogle for her felony offense. Consideration of the question whether the trial court denied her right to counsel concerns the rights of the parties, not the adjudicatory power of the court. The trial court had subject-matter jurisdiction over the case, and "when a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void," *id*. at ¶ 26.

{¶ 18} In *Ogle II*, 167 Ohio St.3d 181, 2021-Ohio-4453, 190 N.E.3d 594, at ¶ 19, a majority of this court disregarded these settled principles and concluded that "Ogle has stated a colorable claim that Judge Crawford violated her Sixth Amendment rights when he ordered her to not communicate with any lawyer and then sentenced her and that this error rendered the sentencing entry void." The majority relied on *Zerbst*, 304 U.S. at 468, 58 S.Ct. 1019, 82 L.Ed. 1461, for the proposition that a court's denial of a defendant's right to counsel in violation of the Sixth Amendment to the United States Constitution deprives the court of jurisdiction and renders any resulting judgment of conviction void. *Ogle II* at ¶ 12-14. However, the United States Supreme Court no longer treats a violation of the right to counsel—either entirely or during a critical phase of the proceeding—as an error divesting the trial court of jurisdiction.

{¶ 19} In the 19th and early 20th centuries, the Supreme Court construed the law so that a court could not issue a writ of habeas corpus unless the trial court had lacked jurisdiction. *See United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). "The Court's desire to correct obvious constitutional violations led to a 'somewhat expansive notion of "jurisdiction." ' " *Id.*, quoting *Custis v. United States*, 511 U.S. 485, 494, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). The Supreme Court therefore relaxed the rule that a writ of habeas corpus was unavailable "by the device of holding that various illegalities deprived the trial court of jurisdiction." *Withrow v. Williams*, 507 U.S. 680, 719, 113 S.Ct. 1745, 123 L.Ed.2d 407 (1993) (Scalia, J., concurring in part and dissenting in part). For example, the Supreme Court held that trial courts lacked jurisdiction to violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, *see Ex parte Lange*, 85 U.S. 163, 176, 21 L.Ed. 872 (1873), to try the accused for the violation of an unconstitutional law, *see Ex parte Siebold*, 100 U.S. 371, 376-377, 25 L.Ed. 717 (1879), and relevant here, to deny the accused the assistance of counsel in violation of the Sixth Amendment, *Zerbst* at 468.

{¶ 20} The Supreme Court departed from these earlier cases in *Waley v. Johnston*, 316 U.S. 101, 104-105, 62 S.Ct. 964, 86 L.Ed. 1302 (1942), holding that "the use of the writ in the federal courts to test the constitutional validity of a conviction for crime is not restricted to those cases where the judgment of conviction is void for want of jurisdiction of the trial court to render it." In *Waley*, the Supreme Court "openly discarded the concept of jurisdiction" that was articulated in cases such as *Zerbst* as a concept that had become "more a fiction than anything else," *Wainwright v. Sykes*, 433 U.S. 72, 79, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). As the Supreme Court explained in *Cotton*, its prior "elastic concept of jurisdiction is not what the term 'jurisdiction' means today, i.e., 'the courts' statutory or constitutional *power* to adjudicate the case.' " (Emphasis added in *Steel Co.*) *Cotton* at 630, quoting *Steel Co. v. Citizens for a Better Environment*,

523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Rather, subject-matter jurisdiction refers only to "the classes of cases * * * falling within a court's adjudicatory authority," *Kontrick v. Ryan*, 540 U.S. 443, 455, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004), and it is not dependent on the rights or obligations of the parties, *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). That includes the right to counsel.

{¶ 21} A violation of the defendant's right to counsel does not deprive the sentencing court of subject-matter jurisdiction any more than any other constitutional or trial error does. Although a sentence imposed in violation of the Sixth Amendment right to counsel is a structural error that is reversible on appeal, *see United States v. Cronic*, 466 U.S. 648, 658-659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), fn. 25, such a sentence is not void ab initio for lack of subject-matter jurisdiction, *see Bozsik v. Hudson*, 110 Ohio St.3d 245, 2006-Ohio-4356, 852 N.E.2d 1200, ¶ 9 (explaining that an invalid waiver of counsel does not deprive the trial court of jurisdiction).

{¶ 22} Because this court's decision in *Ogle II*, 167 Ohio St.3d 181, 2021-Ohio-4453, 190 N.E.3d 594, is inconsistent with these principles, we overrule it today. The trial court had subject-matter jurisdiction to sentence Ogle for assaulting a peace officer, and Ogle's sentence for that offense therefore is not void ab initio. And because Ogle's sentence is not void, the claims raised in this mandamus and prohibition action are subject to the doctrine of res judicata, which "bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal," *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59.

{¶ 23} Ogle's direct appeal of her conviction for assaulting a peace officer was one part of six separate appeals in two criminal cases that the Fourth District consolidated for decision. *See Ogle I*, 2013-Ohio-3420, at ¶ 1. Ogle's notice of appeal from the judgment of conviction itself was assigned case No. 11CA29, and

she was represented by counsel in that appeal. *See Ogle I* at ¶ 50, 58. Although Ogle could have raised her claims that the trial court violated her right to counsel and lacked jurisdiction to sentence her in her appeal of the judgment of conviction in case No. 11CA29, she did not. *See Bozsik* at ¶ 9, quoting *Tucker v. Collins*, 64 Ohio St.3d 77, 78, 591 N.E.2d 1241 (1992) (" 'redress for a deprivation of the right [to counsel] should be sought via appeal or postconviction relief under R.C. 2953.21' " [emphasis deleted]); *State ex rel. Green v. Wetzel*, 158 Ohio St.3d 104, 2019-Ohio-4228, 140 N.E.3d 586, ¶ 10 ("Green had an adequate remedy at law because he could have challenged the sentence on direct appeal"). Because Ogle failed to assert her right-to-counsel claim or to challenge her sentence in case No. 11CA29, the court of appeals affirmed the judgment of conviction without addressing those issues, *see Ogle I*.

{¶ 24} It was in case No. 11CA32, a separate, pro se appeal from the order revoking her recognizance bond, that Ogle asserted assignments of error claiming that the trial court had violated her right to counsel and lacked jurisdiction to sentence her. *Ogle I* at ¶ 49-53. However, an appeal from a bond-revocation order was not the vehicle by which to raise those issues. That appeal was limited to review of the trial court's order revoking Ogle's recognizance bond. Moreover, the trial court journalized Ogle's sentence on September 28, 2011, and it issued the bond-revocation order on November 22, 2011, almost two months later. The notice of appeal in case No. 11CA32 therefore was not filed within 30 days of the trial court's journalization of the assault-on-a-peace-officer sentence. For this reason, the court of appeals lacked jurisdiction to review Ogle's sentence as part of the appeal in case No. 11CA32. *See* App.R. 4(A)(1) (providing a 30-day period for perfecting an appeal); *Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 141 Ohio St.3d 542, 2015-Ohio-241, 26 N.E.3d 806, ¶ 7 ("Jurisdiction in the court of appeals is based upon a timely filing of a notice of appeal").

**{¶ 25}** In sum, Ogle's claims that she was deprived of her right to counsel and that her sentence should be vacated could have been presented in her direct appeal of the judgment of conviction. They were not, and they are now barred by res judicata.

## Conclusion

**{¶ 26}** We have recognized that " '[p]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest[;] and that matters once tried shall be considered forever settled as between the parties.' " *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996), quoting *Baldwin v. Iowa State Traveling Men's Assn*., 283 U.S. 522, 525, 51 S.Ct. 517, 75 L.Ed. 1244 (1931). This public policy is reflected in the doctrine of res judicata, which "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

**{¶ 27}** Ogle had a full and fair opportunity to assert her right-to-counsel claims in her direct appeal of the judgment of conviction for her assault-on-a-peace-officer offense—an appeal that was decided more than a decade ago. Her challenge to her sentence now comes too late. The Fourth District correctly determined that res judicata bars this mandamus and prohibition action. Consequently, we affirm the judgment of the court of appeals.

Judgment affirmed.

FISCHER, DEWINE, DONNELLY, BRUNNER, and DETERS, JJ., concur.

STEWART, J., dissents, with an opinion.

_____

**STEWART, J., dissenting.**

**{¶ 28}** This court correctly concluded less than two years ago in this same case that a violation of a defendant's right to counsel under the Sixth Amendment

10

to the United States Constitution renders the defendant's associated conviction void, not voidable. *See* 167 Ohio St.3d 181, 2021-Ohio-4453, 190 N.E.3d 594, ¶ 12-14 ("*Ogle II*"). There is no basis for the court to revisit that decision today— there has been no change in the applicable caselaw, and *Ogle II* and its analysis of the United States Supreme Court's decision in *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), is the law of the case. Accordingly, since appellant Melanie A. Ogle's conviction is void, not voidable, she is permitted to attack it collaterally and res judicata does not bar her claims here, because they have not been decided on the merits. Because the majority holds otherwise, I dissent.

*The law-of-the-case doctrine dictates that* Zerbst *applies*

{¶ 29} The majority affirms the judgment of the Fourth District Court of Appeals, holding that any errors regarding Ogle's right to counsel at sentencing rendered her sentence voidable, not void, and concluding that this court's prior reliance on *Zerbst* in *Ogle II* was misguided. The majority is incorrect for two reasons.

{¶ 30} First, *Ogle II*'s holding regarding the import of *Zerbst* is the law of the case. *See Ogle II* at ¶ 13-14. "[T]he law-of-the-case doctrine states that ' "the decision of a reviewing court in a case remains the law of that case on all legal questions involved for all subsequent proceedings in the case *at both the trial and reviewing levels*." ' " (Emphasis added in *Breaux*.) *State ex rel. Cherry v. Breaux*, 169 Ohio St.3d 376, 2022-Ohio-1885, 205 N.E.3d 450, ¶ 9, quoting *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, ¶ 15, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). This court correctly decided in *Ogle II* that "the declaration in *Zerbst* that a Sixth Amendment violation renders an associated conviction void remains in force." *Id.* at ¶ 13. There has been no United States Supreme Court precedent overruling *Zerbst* or indicating that this court's analysis in *Ogle II* was incorrect. All of the cases the majority cites in support of its position here were decided long before our decision in *Ogle II*, and

the author of the majority opinion here took the same position in *Ogle II*, *see id.* at ¶ 31-39 (Kennedy, J., dissenting).

{¶ 31} Second, under *Ogle II*, 167 Ohio St.3d 181, 2021-Ohio-4453, 190 N.E.3d 594, Ogle's sentence is void only if it is proved that she was denied her right to counsel. But the Fourth District decided the case on remand by applying res judicata and did not reach the right-to-counsel issue; therefore, this court's analysis should be confined to the sole issue on appeal—whether Ogle's mandamus and prohibition claims are barred by res judicata.

*Standard of review*

{¶ 32} The application of res judicata to a particular issue is a question of law, so the review of a judgment applying res judicata is de novo. *Lycan v. Cleveland*, __ Ohio St.3d __, 2022-Ohio-4676, __ N.E.3d __, ¶ 21 (lead opinion).

*Res judicata does not apply, since Ogle's right-to-counsel claim was not decided on the merits*

{¶ 33} The doctrine of res judicata provides that "[a] final judgment rendered on the merits by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim between the same parties or those in privity with them." *State ex rel. Jackson v. Ambrose*, 151 Ohio St.3d 536, 2017-Ohio-8784, 90 N.E.3d 922, ¶ 13. Res judicata consists of both collateral estoppel (issue preclusion) and estoppel by judgment (claim preclusion). *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995). Issue preclusion applies only to the precise question decided in the previous action. *See Robinson v. Springfield Local School Dist. Bd. of Edn.*, 9th Dist. Summit No. 20606, 2002-Ohio-1382, ¶ 18 (collecting cases). But with respect to claim preclusion, "an existing final judgment or decree between the parties is conclusive as to all claims that were or might have been litigated in a first lawsuit." *Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805, 43 N.E.3d 385, ¶ 7.

**{¶ 34}** Claim preclusion does not bar Ogle's claim. If, as Ogle contends, her sentence is void, then she is permitted to attack it collaterally, notwithstanding the fact that she could have raised the issue in her direct appeal. *See, e.g.*, *State v. Davis*, 10th Dist. Franklin No. 19AP-419, 2019-Ohio-4956, ¶ 10 ("an exception to the application of res judicata applies to void judgments"). Since I would not overrule *Ogle II*, 167 Ohio St.3d 181, 2021-Ohio-4453, 190 N.E.3d 594, in my view, the sole question this appeal presents is whether Ogle's precise claim—that she was denied counsel at her sentencing—was actually decided on the merits in a prior appeal.

**{¶ 35}** Ogle's direct appeal of her conviction consisted of six separate appeals that the Fourth District consolidated for decision. *See State v. Ogle*, 4th Dist. Hocking Nos. 11CA29, 11CA32, 12CA2, 12CA11, 12CA12, and 12CA19, 2013-Ohio-3420, ¶ 1 ("*Ogle I*"). Ogle's notice of appeal from the conviction itself was assigned case No. 11CA29. *Ogle I* at ¶ 50. It is undisputed that Ogle did not raise the right-to-counsel issue in case No. 11CA29.

**{¶ 36}** In one of the other appeals consolidated by the court of appeals—case No. 11CA32—Ogle asserted five assignments of error:

> 1. The trial court erred as a matter of law to commence sentencing for which it had no jurisdiction.
> 2. The trial court erred as a matter of law to commence sentencing in violation of appellant's 6th and 14th Amendment rights and Criminal Rule 44.
> 3. The trial court erred as a matter of law in revoking appellant's bond in violation of appellant's 6th and 14th Amendment rights and Criminal Rule 44.

13

4. The trial court erred in revoking appellant's bond in advance of any violation of bond, showing good cause, or confrontation.

5. The trial court erred in ordering a bench warrant in its November 28, 2011 Journal Entry pursuant to the November 22, 2011 order and notice.

(Capitalization deleted.) *Ogle I* at ¶ 53.

**{¶ 37}** The Sixth and Fourteenth Amendments to the United States Constitution guarantee that every criminal defendant brought to trial in any state has the right to the assistance of counsel in his or her defense. *State v. McAlpin*, 169 Ohio St.3d 279, 2022-Ohio-1567, 204 N.E.3d 459, ¶ 45. And Crim.R. 44(A) provides that if a defendant charged with

a serious offense[1] is unable to obtain counsel, counsel shall be assigned to represent the defendant at every stage of the proceedings from [his] initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of [his] right to assigned counsel, knowingly, intelligently, and voluntarily waives [his] right to counsel.

By expressly citing these provisions in case No. 11CA32, Ogle asserted that she had been denied the right to counsel at her sentencing hearing (the second assignment of error) and at her bond-revocation hearing (the third assignment of error).

---

1. The Rules of Criminal Procedure define "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C).

**{¶ 38}** Based on these facts, appellees, the Hocking County Common Pleas Court and Judge Dale Crawford (collectively, "the trial court"), contend that res judicata applies to Ogle's claims because (1) she was required to raise the right-to-counsel issue in her first-filed appeal, case No. 11CA29, or (2) the court of appeals decided case No. 11CA32 on the merits. As explained above, the trial court's first assertion is a nonstarter. Claim preclusion—the version of res judicata that makes a final judgment conclusive as to all claims that were raised or *could have been raised*—does not apply to void judgments. *Davis*, 2019-Ohio-4956, at ¶ 10. If Ogle's sentence is void, she is permitted to attack it collaterally.

**{¶ 39}** Whether *Ogle I*, 2013-Ohio-3420, decided the issues raised in case No. 11CA32 on their merits is a more complicated question. As noted above, the assignments of error in that appeal alleged the denial of counsel at both the bond-revocation hearing and the sentencing hearing. The Fourth District focused primarily on the bond-revocation-hearing claim but ultimately concluded that both claims were moot:

> [Ogle's] assignments of error under this case number [11CA32] essentially relate to the bond orders which (1) restrained her freedom on September 16, 2011, when she was placed on electronically monitored house arrest, and (2) further placed restraint when she was taken into custody on November 28, 2011. * * *
>
> * * *
>
> In this matter, we have affirmed [Ogle's] conviction in her first appeal, appellate case number 11CA29. Since the underlying conviction is not at issue by our disposition of the appeal set forth under case number 11CA29, no relief can be granted [her]. The bond orders restrained her freedom beginning September 16, 2011.

> She has served the incarceration portion of her sentence and remains
> on community control. We find any issues with regard to the trial
> court's bail decisions which restrained her freedom after September
> 16, 2011 are now moot. As such, we overrule [Ogle's] five
> assignments of error under this appellate case number and affirm the
> judgment of the trial court.

*Ogle I* at ¶ 56-58.

**{¶ 40}** As noted above, res judicata applies only when there has been a final judgment entered on the merits. *See also Grava*, 73 Ohio St.3d at 381, 653 N.E.2d 226. In *Ogle I*, the court of appeals stated, "[B]ecause we find [Ogle's] arguments to be moot, we decline to reach the merits." *Id.* at ¶ 55. The denial of a claim based on mootness is not a judgment on the merits and does not bar the same claim from being raised subsequently. *Crestmont Cleveland Partnership v. Ohio Dept. of Health*, 139 Ohio App.3d 928, 933-934, 746 N.E.2d 222 (10th Dist.2000); *see State ex rel. Commt. for the Referendum of Lorain Ordinance No. 77-01 v. Lorain Cty. Bd. of Elections*, 96 Ohio St.3d 308, 2002-Ohio-4194, 774 N.E.2d 239, ¶ 33 (citing *Crestmont* with approval). Because the court of appeals deemed Ogle's assignments of error in case No. 11CA32 moot, Ogle's mandamus and prohibition claims are not barred by res judicata.

**{¶ 41}** Resisting this result, the trial court suggests that in the court of appeals' resolution of the issues under case No. 11CA32 in *Ogle I*, it deemed moot only Ogle's claims concerning the bond-revocation hearing. By failing to address her assignments of error concerning the sentencing hearing separately, the trial court suggests, the court of appeals in *Ogle I* implicitly overruled them. But that reading of *Ogle I* is belied by the court of appeals' determination in that case that "all assignments of error in case number 11CA32 are moot." *Id.* at ¶ 1; *see also id.* at ¶ 58 ("we overrule [Ogle's] five assignments of error [in case No. 11CA32]").

16

*Conclusion*

**{¶ 42}** I agree with the majority that public policy dictates that litigation end at some point, but I do not believe that this court should overrule its own precedent, without basis, simply to put this case to bed. I would uphold our determination in *Ogle II*, 167 Ohio St.3d 181, 2021-Ohio-4453, 190 N.E.3d 594, that Ogle's conviction was void, not voidable, and I would hold that res judicata does not bar Ogle's claims. I would thus reverse the judgment of the Fourth District and remand the case to that court for further proceedings.

_____

Melanie A. Ogle, pro se.

Randall L. Lambert and Cassaundra L. Sark, for appellees.

_____