[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Boyd v. Tone*, Slip Opinion No. 2023-Ohio-3832.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-3832

THE STATE EX REL. BOYD, APPELLANT, *v.* TONE, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Boyd v. Tone*, Slip Opinion No. 2023-Ohio-3832.]**

*Mandamus—Prohibition—Appellant could have raised any claims regarding denial of his right to counsel through direct appeal from his convictions, which constitutes an adequate remedy in ordinary course of law sufficient to defeat a request for a postconviction extraordinary writ—Court of appeals' dismissal of complaints affirmed.*

(Nos. 2023-0249 and 2023-0375—Submitted July 18, 2023—Decided October 25, 2023.)

APPEALS from the Court of Appeals for Erie County,

Nos. E-23-001, 2023-Ohio-323, and E-22-052.

_____

**Per Curiam.**

**{¶ 1}** Appellant, Deonta Boyd, appeals the dismissal of two complaints he filed in the Sixth District Court of Appeals.  In case No. 2023-0249, Boyd filed a

complaint for a writ of mandamus seeking to compel appellee, Erie County Common Pleas Court Judge Tygh M. Tone ("the trial court"), to vacate his criminal convictions and sentence. In case No. 2023-0375, Boyd filed a separate complaint for a writ of prohibition against the trial court raising the same underlying issues. We affirm both dismissals.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Boyd is currently incarcerated at the Richland Correctional Institution. In 2006, Boyd pleaded guilty to aggravated murder with a firearm specification, felonious assault, and aggravated burglary in the Erie County Court of Common Pleas. The trial court sentenced him to an aggregate sentence of life imprisonment with eligibility for parole after 41 years. The trial court informed him of his right to appeal at the sentencing hearing and in its sentencing entries.

{¶ 3} Boyd originally retained attorney Denise Demmitt to represent him in his criminal cases. Approximately one year before Boyd pleaded guilty, Demmitt filed a motion to withdraw as Boyd's counsel due to a conflict of interest. Demmitt was also representing Boyd's stepfather, Sylvester Ford, in a criminal case in which Ford was a defendant. Demmitt realized that Ford was a material witness for the prosecution in Boyd's case and that the state had offered Ford a reduced sentence in exchange for his cooperation in its case against Boyd. The trial court held a hearing on the motion to withdraw. Demmitt stated at the hearing that she was withdrawing only because of the conflict; although Boyd was indigent, she would have represented him pro bono. The trial court granted Demmitt's motion to withdraw and on the same day appointed attorneys Robert Dixon and David Doughten to represent Boyd. Dixon and Doughten remained Boyd's counsel through his guilty pleas and sentencing. There is no indication in the record that Boyd ever objected to Dixon and Doughten's appointment.

{¶ 4} In 2023, Boyd filed a complaint for a writ of mandamus in the Sixth District (case No. 2023-0249). Boyd claims that the trial court violated his rights

2

under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution by removing his counsel of choice. Boyd argues that this alleged violation constitutes structural error and that he is entitled to reversal of his convictions and sentence. He also contends that by allegedly violating his right to counsel, the trial court lacked jurisdiction to accept his pleas and sentence him and his convictions and sentence are therefore void. Boyd seeks a writ ordering the trial court to vacate his convictions and sentence. In addition—alleging that the trial court never ruled on Demmitt's motion to withdraw—he requests that the trial court be ordered "to conduct a proper review of the motion to withdraw as counsel."

{¶ 5} The Sixth District denied the writ and sua sponte dismissed the action. The court held that Boyd could have raised issues related to the withdrawal of his counsel on direct appeal and that any issues concerning the withdrawal are therefore barred by res judicata. In addition, noting that the trial court did rule on the motion to withdraw as counsel, the Sixth District held that Boyd is not entitled to a writ ordering the trial court to do so.

{¶ 6} Boyd also filed a complaint for a writ of prohibition in the Sixth District (case No. 2023-0375). As in his mandamus action, Boyd claims that the trial court violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Ohio Constitution by removing his counsel of choice. He argues that because of this alleged violation, the trial court lacked jurisdiction to accept his pleas and sentence him and that his convictions and sentence are therefore void. Accordingly, Boyd seeks a writ vacating his convictions and sentence.

{¶ 7} The Sixth District sua sponte dismissed the prohibition complaint, noting that it is "virtually identical" to Boyd's mandamus complaint. The court held that Boyd could have raised issues related to the withdrawal of his counsel on

3

direct appeal and that any issues concerning the withdrawal are therefore barred by res judicata.

{¶ 8} Boyd has appealed the dismissal of both of his complaints.

## II. LEGAL ANALYSIS

*A. Standard of review and mandamus and prohibition requirements*

{¶ 9} A court of appeals may dismiss a complaint sua sponte "if the complaint 'is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.' " *State ex rel. Kerr v. Pollex*, 159 Ohio St.3d 317, 2020-Ohio-411, 150 N.E.3d 907, ¶ 5, quoting *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14. "Such a dismissal is appropriate only if, after presuming the truth of all material factual allegations of the petition and making all reasonable inferences in the claimant's favor, it appears beyond doubt that the claimant can prove no set of facts entitling him to the requested extraordinary relief * * *." *Id.* When reviewing a sua sponte dismissal without notice, this court determines whether the appellant's claims are frivolous or obviously meritless. *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 11.

{¶ 10} To be entitled to a writ of mandamus, Boyd must show (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. However, he need not show the absence of an adequate legal remedy if the trial court patently and unambiguously lacked jurisdiction. *State ex rel. Davis v. Janas*, 160 Ohio St.3d 187, 2020-Ohio-1462, 155 N.E.3d 822, ¶ 10.

{¶ 11} To be entitled to a writ of prohibition, Boyd must show that (1) the trial court has exercised judicial power, (2) the exercise of that power was unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel.*

*Nyamusevya v. Hawkins*, 165 Ohio St.3d 22, 2021-Ohio-1122, 175 N.E.3d 495, ¶ 14. If the trial court patently and unambiguously lacked subject-matter jurisdiction, Boyd need not establish the lack of an adequate legal remedy. *Schlegel v. Sweeney*, 171 Ohio St.3d 1, 2022-Ohio-3841, 215 N.E.3d 451, ¶ 6.

*B. Boyd had an adequate remedy in the ordinary course of the law through direct appeal to challenge any violation of his right to counsel*

{¶ 12} The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to counsel. *See generally State v. Schleiger*, 141 Ohio St.3d 67, 2014-Ohio-3970, 21 N.E.3d 1033, ¶ 13-14; *see also* Ohio Constitution, Article I, Section 10. An "element of this right is the right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006). A court commits structural error when it wrongfully denies a defendant his counsel of choice, and such a denial therefore is not subject to harmless-error review. *Id.* at 150. Boyd claims in his complaints that the trial court's removal of Demmitt as his attorney violated his right to counsel of his choice.

{¶ 13} The Sixth District correctly dismissed the actions. Boyd could have raised any claims regarding the denial of his right to counsel through direct appeal from his convictions, which constitutes an adequate remedy in the ordinary course of the law sufficient to defeat a request for a postconviction extraordinary writ. *See State ex rel. Rackley v. Sloan*, 150 Ohio St.3d 11, 2016-Ohio-3416, 78 N.E.3d 819, ¶ 8, 10 (habeas corpus proceeding); *see also Casey v. Hudson*, 113 Ohio St.3d 166, 2007-Ohio-1257, 863 N.E.2d 171, ¶ 3 (same).

{¶ 14} Boyd argues that the Sixth District erred because at the time he was convicted in 2006, he could not have immediately challenged the removal of his counsel of choice. *See State v. Chambliss*, 128 Ohio St.3d 507, 2011-Ohio-1785, 947 N.E.2d 651, syllabus (holding that the pretrial removal of a defendant's

retained counsel of choice is a final, appealable order). Boyd's reliance on the change in law announced in *Chambliss* lacks merit. This court decided in *Chambliss* only that a trial court's denial of a defendant's counsel of choice is immediately appealable. At the time of his conviction, Boyd had the right to challenge on direct appeal the trial court's decision to grant Demmitt's motion to withdraw as his counsel. *See Casey* at ¶ 3.

**{¶ 15}** Boyd also argues that the trial court patently and unambiguously lacked jurisdiction to convict and sentence him and that he therefore need not show the lack of an adequate remedy in the ordinary course of the law. In support of this argument, Boyd relies on *State ex rel. Ogle v. Hocking Cty. Common Pleas Court*, 167 Ohio St.3d 181, 2021-Ohio-4453, 190 N.E.3d 594 ("*Ogle I*"). We held in *Ogle I* that a defendant had stated a colorable claim that her sentencing was void because the trial-court judge arguably prohibited her from obtaining counsel for her sentencing hearing. *Id*. at ¶ 19; *see also id.* at ¶ 12.

**{¶ 16}** Even if Boyd has stated a viable claim that the trial court violated his Sixth Amendment right to counsel, we recently overruled *Ogle I* in *State ex rel. Ogle v. Hocking Cty. Common Pleas Court*, __ Ohio St.3d __, 2023-Ohio-3534, __ N.E.3d __, ¶ 22 ("*Ogle II*"). In *Ogle II*, we held that a "violation of the defendant's right to counsel does not deprive the sentencing court of subject-matter jurisdiction any more than any other constitutional or trial error does." *Id.* at ¶ 21. Such a violation is a structural error that is reversible on appeal, but it does not result in a sentence that is void for the court's lack of subject-matter jurisdiction. *Id.* Therefore, the trial court did not patently and unambiguously lack jurisdiction to convict and sentence Boyd.

**{¶ 17}** Because Boyd had the right to challenge any violation of his right to counsel through direct appeal and because the trial court did not patently and unambiguously lack jurisdiction to convict or sentence him, he is not entitled to a

writ of mandamus or prohibition ordering the trial court to vacate his convictions and sentence.

*C. Boyd is not entitled to a writ requiring the trial court to review the motion to withdraw*

{¶ 18} Finally, Boyd also seeks a writ of mandamus ordering the trial court "to conduct a proper review of the motion to withdraw as counsel, since [the trial court] never ruled on said motion." Even if such a failure to rule on the motion would entitle Boyd to a writ of mandamus, the trial court *did* rule on the motion. He is thus not entitled to such a writ. *See State ex rel. Whiteside v. Fais*, 91 Ohio St.3d 463, 464, 746 N.E.2d 1113 (2001) ("Mandamus will not issue to compel an act that has already been performed").

### III. CONCLUSION

{¶ 19} Boyd is not entitled to writs of mandamus or prohibition vacating his convictions and sentence. We therefore affirm the Sixth District Court of Appeals' judgments dismissing his complaints.

Judgments affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Deonta Boyd, pro se.

Kevin J. Baxter, Erie County Prosecuting Attorney, and Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

_____