**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Boyd v. Tone*, Slip Opinion No. 2024-Ohio-1703.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-1703

THE STATE EX REL. BOYD, APPELLANT, *v.* TONE, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Boyd v. Tone*, Slip Opinion No. 2024-Ohio-1703.]

*Prohibition—Inmate had adequate remedies in ordinary course of law to raise alleged defect in plea colloquy—Trial court did not patently and unambiguously lack subject-matter jurisdiction to convict him—Court of appeals' dismissal of complaint affirmed.*

(No. 2023-1140—Submitted March 26, 2024—Decided May 7, 2024.)

APPEAL from the Court of Appeals for Erie County,

No. E-23-0022, 2023-Ohio-2802.

_____

**Per Curiam.**

{¶ 1} Appellant, Deonta Boyd, is an inmate at the Richland Correctional Institution. He appeals the Sixth District Court of Appeals' judgment sua sponte dismissing his complaint for a writ of prohibition against appellee, Erie County Common Pleas Court Judge Tygh M. Tone ("the trial court"). We affirm.

**BACKGROUND**

{¶ 2} In 2006, Boyd pleaded guilty in two consolidated cases to aggravated murder with a firearm specification, felonious assault, and aggravated burglary. The trial court accepted Boyd's pleas and sentenced him to an aggregate sentence of life imprisonment with parole eligibility after 41 years. The trial court informed Boyd of his right to appeal at the sentencing hearing and in its sentencing entries.

{¶ 3} Boyd did not appeal his convictions or sentence. He has attempted unsuccessfully to withdraw his guilty pleas multiple times. *See, e.g.*, *State v. Boyd*, 6th Dist. Erie No. E-20-006, 2020-Ohio-6866 (affirming denial of Crim.R. 32.1 motion to withdraw guilty plea), *appeal not accepted*, 162 Ohio St.3d 1412, 2021-Ohio-961, 165 N.E.3d 328; *State v. Boyd*, 6th Dist. Erie Nos. E-22-044 and E-22-045, 2023-Ohio-2618 (same), *appeal not accepted*, 171 Ohio St.3d 1477, 2023-Ohio-3789, 218 N.E.3d 973. And we affirmed the Sixth District's sua sponte dismissal of two prior extraordinary-writ actions, in which Boyd sought to vacate his convictions and sentence. *State ex rel. Boyd v. Tone*, 173 Ohio St.3d 170, 2023-Ohio-3832, 227 N.E.3d 1246.

{¶ 4} In March 2023, Boyd filed this complaint for a writ of prohibition in the Sixth District, claiming that the trial court violated his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and their counterparts in the Ohio Constitution. Specifically, Boyd claims that the trial court failed to inform him that he was waiving his constitutional right to compulsory process at the 2006 plea hearing and thereby failed to strictly comply with Crim.R. 11(C)(2)(c). Boyd alleges that his guilty pleas were "not equally voluntary and knowing" and that they were "obtained in violation of due process and [are] therefore void." Boyd seeks a writ of prohibition "as means to void" his guilty pleas and the trial court's sentencing entries.

{¶ 5} The Sixth District sua sponte dismissed Boyd's prohibition complaint. The court held that Boyd could have challenged any defect in the plea colloquy on

direct appeal and that any issue concerning the trial court's alleged failure to advise him of his right to compulsory process is therefore barred by res judicata. 2023-Ohio-2802, ¶ 11, 14.

{¶ 6} Boyd has appealed the dismissal of his complaint.

## LEGAL ANALYSIS

{¶ 7} A court of appeals may sua sponte dismiss a complaint "if the complaint 'is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.' " *State ex rel. Kerr v. Pollex*, 159 Ohio St.3d 317, 2020-Ohio-411, 150 N.E.3d 907, ¶ 5, quoting *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14. "Such a dismissal is appropriate only if, after presuming the truth of all material factual allegations of the petition and making all reasonable inferences in the claimant's favor, it appears beyond doubt that the claimant can prove no set of facts entitling him to the requested extraordinary relief in prohibition." *Id.* When reviewing a sua sponte dismissal of a complaint without notice to the parties, we determine whether the appellant's claims are frivolous or obviously meritless. *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 11.

{¶ 8} To be entitled to a writ of prohibition, Boyd must show that (1) the trial court has exercised judicial power, (2) the exercise of that power was unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Nyamusevya v. Hawkins*, 165 Ohio St.3d 22, 2021-Ohio-1122, 175 N.E.3d 495, ¶ 14. If the trial court patently and unambiguously lacked jurisdiction, Boyd need not establish the lack of an adequate legal remedy. *Schlegel v. Sweeney*, 171 Ohio St.3d 1, 2022-Ohio-3841, 215 N.E.3d 451, ¶ 6.

{¶ 9} Because a criminal defendant waives several constitutional rights by entering a guilty plea, due process requires that the defendant's decision to enter a guilty plea be knowing, intelligent, and voluntary. *State v. Brinkman*, 165 Ohio

St.3d 523, 2021-Ohio-2473, 180 N.E.3d 1074, ¶ 10; *Parke v. Raley*, 506 U.S. 20, 28-29, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992). Prior to accepting a guilty plea from a criminal defendant, a trial court must inform the defendant that he is waiving certain constitutional rights, including the right to have compulsory process for obtaining witnesses in his favor as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. *See State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph one of the syllabus, citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *see* Ohio Constitution, Article I, Section 10 ("the party accused shall be allowed * * * to have compulsory process to procure the attendance of witnesses in his behalf"). Crim.R. 11(C)(2)(c) requires the court in felony cases to inform the defendant personally and determine whether the defendant understands that he is waiving his constitutional rights by entering a guilty plea. *See also State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 11-12.

{¶ 10} Boyd claims in his complaint that he is entitled to a writ of prohibition because the trial court failed to inform him during the plea colloquy that by entering his guilty pleas, he was waiving his constitutional right to compulsory process. But Boyd had adequate remedies in the ordinary course of the law to raise this claim, including a direct appeal, a petition for postconviction relief, and a motion to withdraw his guilty pleas. *See State ex rel. Davic v. Franklin Cty. Court of Common Pleas*, 173 Ohio St.3d 328, 2023-Ohio-4569, 229 N.E.3d 1182, ¶ 17, citing *State ex rel. Parker v. Russo*, 158 Ohio St.3d 123, 2019-Ohio-4420, 140 N.E.3d 602, ¶ 21; *Bell v. McConahay*, 171 Ohio St.3d 564, 2023-Ohio-693, 218 N.E.3d 926, ¶ 10.

{¶ 11} Boyd contends that he need not show the lack of an adequate remedy in the ordinary course of the law, because the trial court patently and unambiguously lacked jurisdiction to convict him. In support of this contention, Boyd relies on *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461

(1938), in which the United States Supreme Court held that "[a] court's jurisdiction at the hearing of trial may be lost 'in the course of the proceedings' due to failure to complete the court—as the Sixth Amendment requires—by providing counsel for an accused who is unable to obtain counsel, who has not intelligently waived this constitutional guaranty, and whose life or liberty is at stake," *id*. at 468. Boyd argues, by comparison, that the trial court "lost" jurisdiction when it accepted his guilty pleas without informing him that he was waiving his constitutional right to compulsory process. Even assuming that a waiver of the right to compulsory process stands on equal footing with a waiver of the right to counsel, Boyd's argument is mistaken because "the United States Supreme Court no longer treats a violation of the right to counsel * * * as an error divesting the trial court of jurisdiction," *State ex rel. Ogle v. Hocking Cty. Common Pleas Court*, 173 Ohio St.3d 118, 2023-Ohio-3534, 227 N.E.3d 1202, ¶ 18; *see id*. at ¶ 20, citing *Waley v. Johnston*, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302 (1942).

{¶ 12} The trial court unquestionably had subject-matter jurisdiction over Boyd's criminal cases. *See* R.C. 2931.03 (vesting courts of common pleas with jurisdiction over all felony cases). Accordingly, Boyd's claim alleges an error only in the trial court's exercise of its jurisdiction. "An error in the *exercise* of jurisdiction 'renders the court's judgment voidable, not void.' And extraordinary relief is not available to attack a voidable judgment." (Emphasis sic.) *Davic* at ¶ 15, quoting *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26; *see Boyd*, 173 Ohio St.3d 170, 2023-Ohio-3832, 227 N.E.3d 1246, at ¶ 16 (violation of a criminal defendant's constitutional rights may be reversible error on appeal, but it does not deprive the court of subject-matter jurisdiction), citing *Ogle* at ¶ 21.

{¶ 13} Because Boyd had adequate remedies in the ordinary course of the law to challenge the alleged defect in the 2006 plea colloquy and because the trial court did not patently and unambiguously lack subject-matter jurisdiction to convict

him, Boyd is not entitled to a writ of prohibition. The Sixth District correctly dismissed the prohibition action.

## CONCLUSION

**{¶ 14}** We affirm the Sixth District Court of Appeals' judgment sua sponte dismissing Boyd's complaint for a writ of prohibition.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Deonta Boyd, pro se.

Kevin J. Baxter, Erie County Prosecuting Attorney, and Gerhard R. Gross, Assistant Prosecuting Attorney, for appellee.

_____