[Cite as *State ex rel. Boyd v. Tone*, 2025-Ohio-496.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State ex rel. Deonta Boyd

     Relator

v.

Judge Tygh M. Tone

     Respondent

Court of Appeals No.  E-25-002

**DECISION AND JUDGMENT**

Decided:  February 14, 2025

* * * * *

Deonta Boyd, pro se, relator.

Kevin J. Baxter, Erie County Prosecuting Attorney,
and Gerhard R. Gross, for respondent

* * * * *

**DUHART, J.**

{¶ 1} This matter is before the court on the petition for writ of mandamus filed by relator, Deonta Boyd, on January 16, 2025.  Boyd "pray[s] for relief and specific performance to void and/or nullify all Judgment Entry's [sic] that came after August 7th[,] 2006.  A nullity Judgment [sic] is not precluded from appellate review by principles of res judicata, and may be reviewed any time, on direct appeal or collateral attack.  To nullify case No. E-20-006; case No. E-22-044; case No. E-22-045 [sic]."  Boyd also requests that we issue a writ of mandamus directing respondent, Judge Tygh Tone, to nullify "Judgment Entry's [sic] in the trial court in case Nos. 04-CR-643; 05-CR-103."  Boyd

alleges "officer's [sic] of the court (the State of Ohio) perpetrated fraud on the court initially to keep Relator from successfully appealing his guilty plea." For the reasons that follow, we deny the writ.

## Background

{¶ 2} Boyd was indicted, in case No. 2004-CR-643, in Erie County, on aggravated burglary, and in case No. 2005-CR-103, on aggravated murder, with an aggravating circumstances specification.

{¶ 3} In June 2006, Boyd entered guilty pleas to reduced charges of aggravated murder, with a firearm specification, felonious assault, and aggravated burglary, and the trial court sentenced him to consecutive terms of life imprisonment with eligibility for parole after 20 years for the aggravated murder conviction, 3 years for the firearm specification conviction, and 8 years for the aggravated burglary conviction. The trial court's judgment entry was filed on June 5, 2006. Boyd did not appeal the judgment of conviction and sentence. Rather, as this court noted in *State v. Boyd*, 2023-Ohio-2618, ¶ 6, fn. 1 (6th Dist.), "sometime between June and July 2006, [Boyd] filed his first motion to withdraw guilty plea," which motion was not recorded on the trial court's docket; the State filed a response to the motion on July 19, 2006, the trial court denied the motion on August 7, 2006, and no appeal from this decision was filed by Boyd.

{¶ 4} Over the years, as observed by the Supreme Court of Ohio, in *State ex rel. Boyd v. Tone*, 2024-Ohio-1703, ¶ 3, Boyd "has attempted unsuccessfully to withdraw his guilty pleas multiple times. *See, e.g., State v. Boyd*, . . . 2020-Ohio-6866 [(6th Dist.)] . . .

2.

(affirming denial of Crim.R. 32.1 motion to withdraw guilty plea), appeal not accepted, . . . 2021-Ohio-961[;] *State v. Boyd*, . . . 2023-Ohio-2618 [(6th Dist.)] . . . (same), appeal not accepted, . . . 2023-Ohio-3789[.]" The Supreme Court also affirmed this court's "sua sponte dismissal of two prior extraordinary-writ actions, in which Boyd sought to vacate his convictions and sentence. *State ex rel. Boyd v. Tone*, . . . 2023-Ohio-3832[.]" *Id.*

{¶ 5} Now, Boyd seeks a writ of mandamus, alleging, inter alia, that the State committed fraud upon the court when it "intentionally removed one of two Case Nos. [sic] from the upper right caption, then submitting [sic] the improper, unsigned motion Post-sentence Crim.R. 32.1 motion [sic] to the trial court - outside the official court record of the court [sic]." Boyd also contends "[f]raud upon the court was committed by the trial court[.]" Boyd asserts that on December 21, 2023, he "filed a Civ.R. 60(B)(5) [motion] seeking to have relief from the August 7, 2006, judgment entry[.]" In addition, Boyd submits that "[o]n April 9th, 2024 the court found that because Boyd never invoked the trial court's jurisdiction by properly filing the Post-sentence Crim.R. 32.1 motion, the August 7, 2006 judgment entry denying Boyd's motion is a nullity." Boyd claims the trial court erred when it ruled on the Civ.R. 60(B)(5) motion before holding a hearing.

**Law**

{¶ 6} To be entitled to a writ of mandamus, the relator must demonstrate that he has a clear legal right to the relief, the respondent has a clear legal duty to provide that relief, and the relator has no adequate remedy at law. *State ex rel. Culgan v. Collier*, 2013-Ohio-1762, ¶ 7.

3.

**{¶ 7}** A court of appeals may dismiss a complaint or petition sua sponte if it "is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Scott v. Cleveland*, 2006-Ohio-6573, ¶ 14. Such a dismissal is appropriate "if after presuming the truth of all material factual allegations of appellants' petition and making all reasonable inferences in their favor, it appeared beyond doubt that they could prove no set of facts entitling them to the requested . . . relief[.]" *Id.*

**{¶ 8}** Moreover, the doctrine of res judicata bars offenders from raising an issue in a post-sentence motion to withdraw guilty plea which issue could have been raised on appeal. *Boyd*, 2020-Ohio-6866, at ¶ 6 (6th Dist.), citing, inter alia, *State v. Straley*, 2019-Ohio-5206, ¶ 15.

### Analysis

**{¶ 9}** Upon review, the bases of Boyd's petition for writ of mandamus include that the State perpetrated fraud on the court to keep Boyd from successfully appealing his guilty plea, the trial court committed fraud on the court and the trial court erred when it ruled on Boyd's Civ.R. 60(B)(5) motion before holding a hearing.  We find that with all of the grounds alleged by Boyd in his petition, presuming they are true and making all reasonable inferences in their favor, they are barred by the doctrine of res judicata and Boyd could prove no set of facts entitling him to the requested for relief: to void and/or nullify all judgment entries which came after August 7, 2006, and to nullify case Nos. E-20-006, E-22-044 and E-22-045.  Accordingly, we deny Boyd's petition for writ of mandamus, and dismiss the action.

4.

**{¶ 10}** The clerk is directed to serve upon the parties, within three days, a copy of this decision in a manner prescribed by Civ.R. 5(B).

Writ denied.

Thomas J. Osowik, J.

Myron C. Duhart, J.

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.