[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Boler v. McCarthy*, Slip Opinion No. 2023-Ohio-500.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-500

THE STATE EX REL. BOLER, APPELLANT, *v.* MCCARTHY, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Boler v. McCarthy*, Slip Opinion No. 2023-Ohio-500.]

*Prohibition and mandamus—Appellant had an adequate remedy in ordinary course of law in that he could have asserted claim in direct appeal—Court of appeals' dismissal of complaint affirmed.*

(No. 2022-1157—Submitted January 10, 2023—Decided February 23, 2023.)

APPEAL from the Court of Appeals for Athens County, No. 22CA12.

_____

**Per Curiam.**

{¶ 1} Appellant, Phillip Dionte Boler, filed a complaint for writs of prohibition and mandamus in the court of appeals seeking the vacatur of his criminal convictions. The court of appeals dismissed the complaint, concluding that Boler's claim is barred under the doctrine of res judicata and that Boler had an adequate remedy in the ordinary course of the law by way of a direct appeal of his

convictions. Boler appeals the dismissal of his complaint. Because Boler had an adequate remedy in the ordinary course of the law, we affirm.

**Background**

{¶ 2} In 2009, a jury found Boler guilty of aggravated robbery and complicity to commit murder, both with firearm specifications. He was sentenced to an aggregate prison term of 28 years to life.

{¶ 3} At issue here is Boler's complaint for writs of prohibition and mandamus, which he filed against appellee, Athens County Court of Common Pleas Judge George P. McCarthy, in the Fourth District Court of Appeals in July 2022. In his complaint, Boler argued that his convictions must be vacated because the trial court lacked jurisdiction to, in his view, misconstrue and misapply Ohio's aggravated-robbery statute, R.C. 2911.01. The court of appeals granted Judge McCarthy's motion to dismiss under Civ.R. 12(B)(6), concluding that Boler's claim was barred under the doctrine of res judicata. The court also concluded that Boler had an adequate remedy in the ordinary course of the law because he could have raised his claim that the trial court misapplied R.C. 2911.01 when he directly appealed his convictions.

{¶ 4} Boler has appealed to this court as of right.

**Analysis**

{¶ 5} To dismiss a claim pursuant to Civ.R. 12(B)(6), it must appear beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations are presumed true and all reasonable inferences are made in his favor. *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.*, 83 Ohio St.3d 179, 181, 699 N.E.2d 64 (1998). We review de novo the court of appeals' dismissal of Boler's complaint. *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, ¶ 10.

{¶ 6} To state a claim for a writ of prohibition, Boler must plead facts showing that the trial court exercised judicial power without authority and that denial

of the writ would result in injury for which he lacks an adequate remedy in the ordinary course of the law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. To state a claim for a writ of mandamus, Boler must plead facts establishing that he has a clear legal right to the relief he requests, that Judge McCarthy has a clear legal duty to provide that relief, and that there is no adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3.

{¶ 7} The court of appeals erred in dismissing Boler's complaint on res judicata grounds. "[R]es judicata is an affirmative defense that is not a proper basis for dismissal for failure to state a claim upon which relief can be granted." *State ex rel. Newell v. Cuyahoga Cty. Court of Common Pleas*, 165 Ohio St.3d 341, 2021-Ohio-3662, 179 N.E.3d 84, ¶ 10.

{¶ 8} Nevertheless, Boler did have an adequate remedy at law. In fact, Boler does not dispute that he could have raised his claim that the trial court misapplied R.C. 2911.01 when he directly appealed his convictions. Therefore, the court of appeals correctly dismissed Boler's complaint.

{¶ 9} Boler couches his claim in jurisdictional terms, arguing that the trial court patently and unambiguously lacked jurisdiction to misapply R.C. 2911.01. It is true that a relator need not establish the lack of an adequate remedy if there was a patent and unambiguous lack of jurisdiction. *See State ex rel. Dannaher v. Crawford*, 78 Ohio St.3d 391, 393, 678 N.E.2d 549 (1997) ("where a lower court patently and unambiguously lacks jurisdiction over the cause, prohibition and mandamus will issue to * * * correct the results of prior jurisdictionally unauthorized actions, notwithstanding the availability of appeal"). But here, the trial court plainly had subject-matter jurisdiction over Boler's criminal case under R.C. 2931.03, which gives common pleas courts subject-matter jurisdiction over felony cases. Boler has not identified any statute that removed the trial court's jurisdiction. *See Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296,

2019-Ohio-2845, 136 N.E.3d 436, ¶ 9 ("when we have found that a court of common pleas patently and unambiguously lacks jurisdiction, it is almost always because a statute explicitly removed that jurisdiction"). Boler therefore cannot avoid the lack-of-adequate-remedy requirement.

## Conclusion

{¶ 10} Because Boler had an adequate remedy in the ordinary course of the law, we affirm the court of appeals' judgment.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Phillip Dionte Boler, pro se.

George P. McCarthy, Judge, pro se.

_____