[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Davic v. Franklin Cty. Court of Common Pleas*, Slip Opinion No. 2023-Ohio-4569.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-4569

THE STATE EX REL. DAVIC, APPELLANT, *v.* FRANKLIN COUNTY COURT OF COMMON PLEAS, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Davic v. Franklin Cty. Court of Common Pleas*, Slip Opinion No. 2023-Ohio-4569.]

*Prohibition—Inmate had adequate remedies in ordinary course of law to raise alleged errors of which he complains, and trial court had subject-matter jurisdiction over his criminal case—Court of appeals' dismissal of complaint affirmed.*

(No. 2023-0588—Submitted November 14, 2023—Decided December 19, 2023.)

APPEAL from the Court of Appeals for Franklin County, No. 22AP-301, 2023-Ohio-1195.

_____

**Per Curiam.**

{¶ 1} Appellant, Bradford S. Davic, appeals the Tenth District Court of Appeals' judgment dismissing his complaint for a writ of prohibition under Civ.R.

12(B)(6). Davic also requests oral argument. Appellee, the Franklin County Court of Common Pleas ("trial court"), asks us to affirm the Tenth District's judgment and to declare Davic a vexatious litigator under S.Ct.Prac.R. 4.03(B).

{¶ 2} Because Davic failed to state a valid claim in prohibition, we affirm the judgment of the court of appeals. We deny Davic's motion for oral argument and the trial court's request to declare Davic a vexatious litigator.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 3} In November 2010, a Franklin County grand jury indicted Davic on five counts of rape, one count of importuning, and one count of gross sexual imposition. Each rape count included a sexually-violent-predator specification, and all seven counts of the indictment specified that Davic's victim was under 13 years of age.

{¶ 4} In April 2011, Davic agreed to plead guilty to importuning, gross sexual imposition, and four counts of rape. In exchange for Davic's plea of guilty, the state agreed that a nolle prosequi be entered as to one count of rape and all the sexually-violent-predator specifications. The guilty-plea form signed by Davic and his attorney states that the maximum prison terms for the offenses to which he was pleading guilty totaled 53 years to life.

{¶ 5} The trial court held a plea-and-sentencing hearing in April and May 2011. At the hearing, the trial court noted that Davic had signed a guilty-plea form and asked Davic whether he understood what he had signed. Davic responded affirmatively but stated that his understanding was that he was agreeing "to a plea deal that was going to be a sentence of * * * ten years to a life sentence." Later in the hearing, however, Davic replied "Yes, sir" when the trial court asked Davic whether he understood that the total maximum sentence he could receive was 53 years to life in prison.

**{¶ 6}** The trial court sentenced Davic to an aggregate term of 40 years to life in prison, lifetime registration as a Tier III sex offender under R.C. 2950.01(G), and a mandatory five-year term of postrelease control. Davic's convictions were affirmed on appeal. *State v. Davic*, 10th Dist. Franklin No. 11AP-555, 2012-Ohio-952, *appeal not accepted*, 132 Ohio St.3d 1482, 2012-Ohio-3334, 971 N.E.2d 960. Since then, Davic has tried unsuccessfully to either correct his sentence or withdraw his guilty plea. *See, e.g.*, *State v. Davic*, 10th Dist. Franklin No. 15AP-1000, 2016-Ohio-4883 (affirming denial of motion for resentencing), *appeal not accepted*, 147 Ohio St.3d 1508, 2017-Ohio-261, 67 N.E.3d 824; *State v. Davic*, 10th Dist. Franklin No. 18AP-569, 2019-Ohio-1320 (affirming denial of motion to correct sentence), *appeal not accepted*, 156 Ohio St.3d 1478, 2019-Ohio-3148, 128 N.E.3d 241; *State v. Davic*, 2021-Ohio-131, 166 N.E.3d 681 (10th Dist.) (affirming denial of Crim.R. 32.1 motion to withdraw guilty plea), *appeal not accepted*, 164 Ohio St.3d 1404, 2021-Ohio-2742, 172 N.E.3d 174; *State v. Davic*, 10th Dist. Franklin No. 11AP-555, 2021 Ohio App. LEXIS 3649 (Oct. 19, 2021) (denying motion for leave to file delayed application for reconsideration), *appeal not accepted*, 165 Ohio St.3d 1525, 2022-Ohio-258, 179 N.E.3d 1290.

**{¶ 7}** Davic commenced this action in the Tenth District in May 2022, seeking a writ of prohibition ordering either that he be immediately released from prison or that his criminal case be remanded to the trial court for further proceedings. Davic argued that the trial court had lacked jurisdiction to sentence him based on "a non-existent, unenforceable plea contract." Invoking contract-law principles, Davic alleged that there had been no "meeting of the minds" with respect to the "core terms" of his plea agreement with the state.

**{¶ 8}** The trial court filed a motion to dismiss Davic's complaint under Civ.R. 12(B)(6) and asked the court of appeals to declare him to be a vexatious litigator. The trial court's sole arguments in support of the motion to dismiss were that (1) Davic had had an adequate remedy in the ordinary course of the law by way

of appeal to raise his arguments regarding the validity of the plea agreement and (2) Davic's R.C. 2969.25(A) affidavit describing each civil action and appeal he had filed during the previous five years was inadequate. The matter was referred to a court-of-appeals magistrate, who recommended granting the motion to dismiss. The magistrate recommended dismissal on the basis that Davic had had an adequate legal remedy at law by way of appeal to contest the voluntariness of his plea agreement. The magistrate declined to recommend that Davic be declared a vexatious litigator but warned him that "his continued filing of appeals, original actions, and any other actions that are not reasonably grounded in fact or warranted by law may result in his being declared a vexatious litigator pursuant to R.C. 2323.52." Davic filed objections to the magistrate's decision.

{¶ 9} The court of appeals overruled Davic's objections and dismissed his prohibition complaint. The court agreed with the magistrate that the trial court had not patently and unambiguously lacked jurisdiction over Davic's sentencing and that Davic had had an adequate remedy by way of appeal to challenge any defects in his plea.

{¶ 10} Davic appealed to this court as of right and also requests oral argument. The trial court asks this court to declare Davic a vexatious litigator under S.Ct.Prac.R. 4.03(B).

## II.  ANALYSIS

### A.  Davic's Motion for Oral Argument

{¶ 11} Oral argument is not mandatory in this case, but we have discretion to grant it under S.Ct.Prac.R. 17.02(A). In exercising this discretion, we consider "whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among courts of appeals." *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15. This case involves none of those elements. The dispositive issue in this case is whether the trial court had subject-matter

jurisdiction to accept Davic's guilty plea and to sentence him. Because oral argument is not necessary to illuminate that issue, we deny Davic's motion.

## B. Court of Appeals' Dismissal of Davic's Prohibition Complaint

{¶ 12} We review de novo a court of appeals' Civ.R. 12(B)(6) dismissal of an extraordinary-writ action. *State ex rel. Zander v. Judge of Summit Cty. Common Pleas Court*, 156 Ohio St.3d 466, 2019-Ohio-1704, 129 N.E.3d 401, ¶ 4. Dismissal is appropriate if it appears beyond doubt, taking all factual allegations in the complaint as true, that the relator can prove no set of facts entitling him to extraordinary relief. *Id.*

{¶ 13} To be entitled to a writ of prohibition, Davic must establish that (1) the trial court exercised judicial power, (2) the exercise of that power was unauthorized by law, and (3) denial of the writ would result in injury for which no adequate remedy exists in the ordinary course of the law. *State ex rel. Jones v. Paschke*, 168 Ohio St.3d 93, 2022-Ohio-2427, 195 N.E.3d 1031, ¶ 6. The third element is not required if the trial court patently and unambiguously lacked jurisdiction. *Id.* If jurisdiction was patently and unambiguously lacking, a writ of prohibition will issue to correct a judgment issued by a court that lacked jurisdiction. *State ex rel. V.K.B. v. Smith*, 142 Ohio St.3d 469, 2015-Ohio-2004, 32 N.E.3d 452, ¶ 8.

{¶ 14} In this case, Davic argues that his guilty plea and plea agreement were unenforceable because there was no "meeting of the minds as to all of the essential terms of the agreement." Specifically, Davic argues that he was not adequately notified of the mandatory consecutive sentences that were applicable to the crimes to which he had pleaded guilty or the sex-offender registration and the postrelease-control requirements of his sentence. Accordingly, Davic argues that his guilty plea was "void" and that the trial court therefore was divested of jurisdiction to sentence him. Davic also contends that the trial court's lack of jurisdiction is patent and unambiguous.

**{¶ 15}** Davic is wrong. "There is a distinction between a court that lacks subject-matter jurisdiction over a case and a court that improperly exercises that subject-matter jurisdiction once conferred upon it." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 10. "Once a tribunal has jurisdiction over both the subject matter of an action and the parties to it, '* * * the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred * * *.' " (Ellipses sic.) *State ex rel. Pizza v. Rayford*, 62 Ohio St.3d 382, 384, 582 N.E.2d 992 (1992), quoting *Sheldon's Lessee v. Newton*, 3 Ohio St. 494, 499 (1854). An error in the *exercise* of jurisdiction "renders the court's judgment voidable, not void." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26. And extraordinary relief is not available to attack a voidable judgment. *See id.* ("Generally, a voidable judgment may be set aside only if successfully challenged on direct appeal").

**{¶ 16}** In this case, there is no question that the trial court had subject-matter jurisdiction over Davic's criminal case. The indictment alleged that Davic committed felony offenses in Franklin County, and pursuant to R.C. 2931.03, a court of common pleas possesses subject-matter jurisdiction in all felony cases, *State ex rel. Boler v. McCarthy*, 170 Ohio St.3d 392, 2023-Ohio-500, 213 N.E.3d 690, ¶ 9. The validity of Davic's guilty plea, which is the foundation of his arguments, is not a matter that calls into question the subject-matter jurisdiction of the trial court.

**{¶ 17}** Davic complains, at most, of error in the trial court's exercise of its existing jurisdiction. *See Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, ¶ 15 (conviction based on invalid guilty plea was error in exercise of jurisdiction). But Davic had adequate remedies in the ordinary course of the law—including a direct appeal, a petition for postconviction relief, and a motion to withdraw his guilty plea—to raise the alleged errors of which he complains. *See State ex rel. Parker v. Russo*, 158 Ohio St.3d 123, 2019-Ohio-4420, 140 N.E.3d

602, ¶ 21; *Shie v. Leonard*, 84 Ohio St.3d 160, 161, 702 N.E.2d 419 (1998). Therefore, the court of appeals correctly dismissed Davic's complaint for failure to state a valid claim in prohibition.

### C. Vexatious Litigator

{¶ 18} The trial court asks us to declare Davic to be a vexatious litigator under S.Ct.Prac.R. 4.03(B). Under Rule 4.03(B), we may declare a party to be vexatious if that party "habitually, persistently, and without reasonable cause engage[d] in frivolous conduct."

{¶ 19} We deny the trial court's request. The trial court's only basis for the request to declare Davic vexatious is the observation that he "has filed numerous appeals and post-judgment actions alleging similar arguments" to those raised in this appeal. However, under Rule 4.03(A), to be declared a vexatious litigator in this court, a party must have engaged in frivolous conduct in an appeal or other action in *this* court. We decline to declare Davic a vexatious litigator at this time because the trial court does not argue that Davic has engaged in frivolous conduct in this court.

### III. CONCLUSION

{¶ 20} For the foregoing reasons, we affirm the judgment of the court of appeals, deny Davic's motion for oral argument, and deny the trial court's request to declare Davic to be a vexatious litigator.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————

Bradford S. Davic, pro se.

G. Gary Tyack, Franklin County Prosecuting Attorney, and Brandon Coy Hendrix, Assistant Prosecuting Attorney, for appellee.

————————