[Cite as *State ex rel. Z.N. v. Jones*, 2024-Ohio-2449.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, EX REL., Z.N.,  :

    Relator,  :

                            No. 113702

    v.  :

THE HONORABLE JUDGE TONYA R.  :
JONES,

                    :

    Respondent.


JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** June 24, 2024


Writ of Prohibition
Motion No. 572899
Order No. 575334


*Appearances:*

Stafford Law Co., L.P.A., and Kelley R. Tauring, *for relator*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew T. Fitzsimmons IV, Assistant Prosecuting Attorney, *for respondent*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Z.N., the relator, has filed a complaint for a writ of prohibition. Z.N. seeks to prevent Judge Tonya R. Jones from addressing any issues that relate to the parental rights and responsibilities associated with a minor child in a divorce action filed in the Cuyahoga Court of Common Pleas, Domestic Relations Division. *See R.E.T. v. Z.N.*, Cuyahoga D.R. No. DR-23-394277. Specifically, Z.N. argues that Judge Jones lacks any jurisdiction to award parenting time to R.E.T., the party seeking a divorce from Z.N. For the following reasons, we decline to issue a writ of prohibition and grant Judge Jones's motion to dismiss the complaint for prohibition.

{¶ 2} The principles governing prohibition are well established. Prohibition requires that the relator demonstrate (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160 (1989). Prohibition will not lie unless it clearly appears that the trial court has no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417 (1941). Prohibition will not issue to prevent an erroneous judgment, to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction. *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64, 65 (1950). Furthermore, it should be used with great

caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273 (1940).

{¶ 3} Absent a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. In addition, a party challenging the trial court's jurisdiction possesses an adequate remedy at law through an appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489 (1997). Moreover, this court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127 (1973). Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174 (1988); *State ex rel. Csank v. Jaffe*, 107 Ohio App.3d 387 (8th Dist.1995).

{¶ 4} Herein, Judge Jones unquestionably possesses subject-matter jurisdiction over the underling action for divorce pursuant to R.C. 2301.03. In Cuyahoga County, domestic relations judges have all the powers relating to all divorce, dissolution, alimony, and annulments cases. *Price v. Price*, 16 Ohio App.3d 93 (8th Dist.1984); R.C. 2301.03(L)(1). Also, "when a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void." *State v. Harper*, 2020-Ohio-2913, ¶ 26. Any extraordinary relief, such as through an original action, is not available to

attack a voidable judgment. *State ex rel. Davic v. Franklin Cty. Court of Common Pleas*, 2023-Ohio-4569, ¶ 15, citing *Harper* at ¶ 26. Finally, when a court has basic subject-matter jurisdiction to act, and an appeal is available, a writ of prohibition will not issue. *France v. Celebrezze*, 2012-Ohio-5085 (8th Dist.).

{¶ 5} Accordingly, we grant Judge Jones's motion to dismiss. Costs to Z.N. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 6} Complaint dismissed.

_____
MICHELLE J. SHEEHAN, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR